WIERSMA, *v.* WIERSMA.

DIVORCE—MODIFICATION OF DECREE—INFANTS—PARENTS MAY NOT
    BARGAIN AWAY CHILDREN'S WELFARE.

> A husband is not entitled to a modification of a decree of
> divorce so as to relieve him from making the payments
> provided therein for the support and maintenance of his
> minor children on the remarriage of his former wife, not-
> withstanding an agreement to that effect executed by her
> before the decree was signed, but not included therein,
> since parents may not bargain away their children's wel-
> fare.

Appeal from Kalamazoo; Weimer (George V.), J.
Submitted January 3, 1928.    (Docket No. 30.)    De-
cided February 14, 1928.

Bill by Gertrude P. Wiersma against Lewis E.
Wiersma for a divorce: On petition of defendant for
modification of the decree respecting an allowance for
the support of minor children.    From an order deny-
ing the petition, defendant appeals.    Affirmed.

*Fred C. Temple,* for defendant.

SHARPE, J.    On February 10, 1926, plaintiff ob-
tained a decree of divorce from the defendant, in
which she was awarded the custody of their two minor
children, aged six and seven years, respectively.    The
defendant, who did not appear, although personally
served, was ordered to pay seven dollars per week for
their support and maintenance until the further order
of the court.    There being default in payment, a writ
of attachment was issued, on which he was brought
before the court on February 16, 1927.    Soon there-
after, he filed a petition for a modification of the decree

---

Divorce, 19 C. J. § 819.

so as to relieve him from making such payments.   He appeals from an order dismissing his petition and finding him guilty of contempt of court.

His claimed right to modification is based upon an alleged agreement, a copy of which is annexed to the petition, executed before the decree was signed, in which plaintiff agreed that the weekly payments should cease upon her remarriage.   That both parties have remarried is admitted.

It appears that such a provision was inserted in the draft of the decree presented to the trial court, but he declined to so provide, and the decree as signed was submitted to and apparently approved of by the defendant or his counsel.   In disposing of the matter, the trial court said:

"The law of this State is settled that the parents may not bargain away the children's welfare, the children's rights, that the court may always do what seems reasonable and necessary to protect the children's rights, and, having in mind that policy or rule, the court made a special effort in this particular case to see to it that these parents should not do that very thing.   They attempted to do it then.   Failing in the attempt then, they are now attempting to do it, or one of them is attempting now to circumvent an order of the court that was made for the purpose of protecting the welfare of these children.   Well, the court refused to permit them to do it and the court must necessarily refuse to permit them to do it now."

With this statement we heartily agree.   The order entered is affirmed, with costs to plaintiff.

NORTH, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.

Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.