BALLARD v BALLARD

OPINION OF THE COURT

1. DIVORCE—CHILD SUPPORT—STIPULATED AGREEMENT—MODIFICATION OF JUDGMENT.
   A trial judge retains inherent jurisdiction to modify the divorce judgment as to child support payments upon a proper showing at any time irrespective of any stipulated agreement between the parties.

2. DIVORCE—CHILD SUPPORT—APPEAL AND ERROR.
   An appellate court, as a general rule, will not substitute its judgment for that of the trial judge's in fixing the amount of child support during divorce proceedings.

DISSENT BY V. J. BRENNAN, J.

3. DIVORCE—CHILD SUPPORT.
   *A divorce judgment that provided $2.50 per week per child essentially amounted to no award at all and when a divorce judgment does not provide for support, such maintenance may later be provided by the court and does not depend upon a change of circumstances; in reality, when the trial judge ordered child support payments of $30 per week per child, that was the first time child support was awarded in the case and it was within the trial court's discretion.*

4. DIVORCE—INFANTS—WELFARE AND RIGHTS—COURT PROTECTION.
   *Parents in a divorce case may not bargain away their children's welfare or their children's rights; a court may always do what seems reasonable and necessary to protect the children's rights.*

5. DIVORCE—CHILD SUPPORT—FRIEND OF THE COURT—RECOMMENDATIONS—APPEAL AND ERROR.
   *An appellate court will not reverse an award of child support based on the Friend of the Court recommendation unless it*

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 670.
[2, 5] 24 Am Jur 2d, Divorce and Separation § 241.
[3] 24 Am Jur 2d, Divorce and Separation § 827 *et seq.*
[4] 24 Am Jur 2d, Divorce and Separation § 783.

*finds that the trial court clearly abused its discretion, because Friend of the Court recommendations are based on extensive investigations and recommendations.*

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 October 6, 1971, at Detroit. (Docket No. 10219.) Decided April 24, 1972.

Barbara J. Ballard, plaintiff, moved for increase of amounts ordered for support of children in a judgment of divorce, and the motion was granted. Defendant Frederick C. Ballard appeals. Provision for child support modified; affirmed as to denial of defendant's motion to set aside original divorce judgment.

*Dyer, Meek, Ruegsegger & Bullard* (by *Barry L. King)*, for plaintiff.

*Norman L. Zemke,* for defendant.

Before: LESINSKI, C. J., and V. J. BRENNAN and O'HARA,* JJ.

O'HARA, J. To understand our holding in this matter, it is regrettably necessary to set forth the background of the marriage of the parties, the earlier years of their lives together, the disintegration of the relationship, and finally the acrimonious pleadings and testimony, together with court orders *pro* and *contra* that extended even to a division of the phonograph records owned by the parties.

The young couple was married while both were students at Ohio Wesleyan University. As is often

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the case, both parties worked off and on in the early years. At one period the defendant husband inherited $17,000 which the wife claims he squandered. He claims it was used for paying off debts incurred by the couple, to finance the completion of his wife's postgraduate work on her master's degree, and to support the family while he was at National Guard encampment.

The whole pattern is an oft-repeated tale, culminating in disagreements over money, drinking, and sex. At last, the inevitable—a divorce. In this case a rather weird settlement, which obviously troubled the learned trial judge, was the basis of the judgment of divorce. Under it the amount of support for the two minor children was hopelessly inadequate and far less than recommended by the Friend of the Court. It was a niggardly $2.84 a week for each child. It represented only the return on certain bank stock owned by the husband. At that time plaintiff wife was being assisted financially by her father. The court inquired again and again as to the parties' understanding of the agreement which contained a commitment by the wife *never* to seek modification of the support provisions of the judgment of divorce. While a disenchanted wife may stipulate *herself* out of court as to alimony, quite obviously she cannot do the same thing as to the support of minor children who are under the continuing jurisdiction of the court until majority, and in some instances longer. With this necessary prologue, we go to the precise question here presented.

Despite the stipulation, the wife filed a petition to modify the judgment as to child support. The matter was referred to the Friend of the Court. His recommendation was for $30.50 per week per child, arrived at by applying an arbitrary formula

used by his office to the husband's net salary. The trial judge adopted it. From this order of modification, the husband appealed of right. He included a prayer to set aside the original judgment of divorce as being a fraud on the court.

Only two things in this case are of significance to the trial bench and to the profession. The first is the claimed inviolability of the settlement agreement as to child support. It is void. As we earlier noted, irrespective of the agreement, the trial judge retained inherent jurisdiction to modify the judgment as to support payments upon a proper showing at any time.

The second question is, will we as an appellate court substitute our judgment for that of the trial chancellor in this area of recognized discretion in fixing the amount of support? The answer is, in all but unusual cases, we will not, even though our review is *de novo* and we are empowered to do so.

We think the case at bar falls within the exception. It is true that the court followed the formula figure recommended by the Friend of the Court. It was not obligated to do so. Neither are we. We find the change of circumstance shown here is not of sufficient substance to justify the drastic increase ordered. We modify it to provide for weekly payments of $25 per child per week.

Our holding here is to be given effect as of the effective date of the trial judge's order increasing the support payments to $30.50 per week per child.

If the defendant has been complying with the trial court's amended order, any excess over the amount specified in this opinion shall be applied to any arrearage due from the defendant. If no arrearage exists, any balance over shall be credited against future payments.

We retain no jurisdiction. This is to say, our order here is no more eternally inviolate than was that of the trial court originally. The circuit court maintains continuing jurisdiction.

As to the petition to set aside the original judgment, the action of the trial judge is affirmed.

No costs, neither party having prevailed in full.

LESINSKI, C. J., concurred.

V. J. BRENNAN, J. *(dissenting).* This is an appeal by defendant husband from the lower court's order increasing child support and denying his motion to vacate judgment of divorce.

On August 2, 1967, the parties began the trial of a contested divorce; after a day of trial the parties effectuated a settlement. At that time there were two children born of this marriage, one Pamela Jean Ballard born September 19, 1962, then age four and Elizabeth Anne Ballard born June 10, 1964, then age three.

During the course of these proceedings it was disclosed that the Friend of the Court had recommended support of $28 per week per child. The settlement was as follows: In addition to property division and other expenses of the divorce, the defendant husband was to retain 100 shares of bank stock with all dividends paid to the plaintiff wife solely for child support until the children reached the age of 18, plus the husband was to maintain medical and hospitalization insurance for the children; and the plaintiff was to receive no alimony.

It subsequently developed that dividends from the aforementioned stock, which were allocated for child support, amounted to approximately $160 per year. In November of 1969, plaintiff filed a motion to modify the judgment asking for in-

creased child support. Defendant cited the agreement of the parties and alleged that the only change of circumstances was for the better since the wife was now employed.

At this time the Friend of the Court recommended that the defendant pay $30.50 per week for each child's support. Defendant objected to this and in April of 1970, the trial judge conducted a hearing concerning plaintiff's motion. That hearing revealed that the child support over the last few years amounted to no more than $2.84 per week per child. It was revealed that the plaintiff had been employed and was earning a substantial income. It also revealed that the plaintiff's parents had been helping support the children financially, but that her father had since retired and was unable to continue the support. The court found that there had been a change of circumstances but for the better; however, he ordered that the child support payments be $30 per week per child and entered such a judgment from which defendant appeals.

Here our attention is directed primarily to the child support issue. The original award for child support was so small, approximately $2.50 per week per child, that it essentially amounted to no award at all. When a divorce decree does not provide for support, such maintenance may later be provided by the court and does not depend upon a change of circumstances. *West v West,* 241 Mich 679, 686 (1928). So, in reality, the first time that such support was awarded in this case was at the time of this latest judgment, and was, therefore, within the court's discretion. It is axiomatic that the overriding consideration in these matters is the welfare of the children. *Davis v Davis,* 8 Mich App 104 (1967). And, also, that the obligation of a

divorced husband is to, in fact, support his minor children. *Slater v Slater,* 327 Mich 569 (1950). It may be pointed out that in the original negotiations the welfare of the children had been neglected and it should have been clear at that time that the $2.50 per week was grossly inadequate. With this situation facing the trial court, he reached the equitable result.

As the Supreme Court stated in *Wiersma v Wiersma,* 241 Mich 565, 566 (1928):

"The law of this state is settled that the parents may not bargain away the children's welfare, the children's rights, that the court may always do what seems reasonable and necessary to protect the children's rights."

Friend of the Court offices investigate literally thousands of these cases; they make very thorough findings; they have the benefit of all the documents and testimony concerning the families' income, needs, and indebtedness. Over the years they have set up standards and guidelines in determining equitable support arrangements dictated by their findings. The trial judges have consistently placed their confidence and trust in these recommendations; and, if the court feels they have overlooked some aspect that is brought to the court's attention, the case is returned to the Friend of the Court for further investigation.

These extensive investigations and recommendations help the courts make their findings and for our Court to reverse such findings, we must find that the trial court clearly abused its discretion. *Anneberg v Anneberg,* 367 Mich 458 (1962); *Spalding v Spalding,* 355 Mich 382 (1959); *Newberry v Newberry,* 332 Mich 265 (1952).

Under all the facts of this case it appears that the trial judge did what logic, reason, and the

exercise of good judgment compelled in increasing the child support to a conscionable amount.

I feel the record fully supports the trial court's findings and further I can find no basis for modification on this record. I would recommend not only that the award of child support be affirmed, but also, because the record clearly establishes grounds for divorce, I would recommend that the trial court's denial of defendant's motion to set aside the judgment of divorce be affirmed.