JOHNSON v JOHNSON

Docket No. 78-3869. Submitted June 13, 1979, at Grand Rapids.— Decided November 5, 1979.

Robert C. Johnson filed suit for divorce against Karen Johnson in the Muskegon Circuit Court alleging one child of the parties. At trial, plaintiff orally amended his complaint to allege that he was not the father of the child. The only testimony at trial was by defendant, Karen Johnson, who stated that she assumed the plaintiff was not the father because she was told by her doctor, two months after first meeting plaintiff, that she was about three months pregnant. She also testified that she told plaintiff her condition on the day she found out, that she and plaintiff were married about 3-1/2 months later and that the child was born after the marriage. The child's last name is Johnson, plaintiff is listed as the father on the birth certificate and, until commencement of the divorce action, plaintiff supported and cared for the child. The trial court, John H. Piercey, J., held that plaintiff was not the father of the child and had no duty to support it. Defendant appeals. *Held:*

It is presumed, by statute and case law, that any child conceived or born to a married couple prior to the commencement of a suit for divorce is legitimate. This presumption may be rebutted only by clear and convincing evidence. The fact that the child was born during wedlock presents a strong claim to legitimacy, regardless of whether defendant claims plaintiff to be the father or not. The fact that the child was born during wedlock foreclosed any support action by defendant against any third party. The presumption was not rebutted by clear and

REFERENCES FOR POINTS IN HEADNOTES

[1] 10 Am Jur 2d, Bastards § 15.
[2] 10 Am Jur 2d, Bastards § 13.
  Presumption of legitimacy, or of paternity, of child conceived or born before marriage. 57 ALR2d 729.
[3] 10 Am Jur 2d, Bastards § 69.
[4] 10 Am Jur 2d, Bastards § 52.
  What amounts to recognition within statutes affecting the status or rights of illegitimates. 33 ALR2d 705.

convincing evidence. Furthermore, under the facts of this case, plaintiff is estopped to deny paternity.

Reversed.

1. DIVORCE — CHILDREN — PRESUMPTIONS — LEGITIMACY — STAT-UTES.

It is presumed, by statute and by case law, that any child conceived or born to a married couple prior to the commencement of a suit for divorce is legitimate; this presumption may be rebutted only by clear and convincing evidence.

2. PARENT AND CHILD — PRESUMPTIONS — LEGITIMACY.

A trial court erred in holding that a man who was married to a woman was not the father of a child born to the woman during the marriage upon the sole testimony of the woman to the effect that she presumed the man was not the father because · her doctor informed her two months after she met the man that she was "about three months pregnant" and she did not know she was pregnant prior to meeting him.

3. BASTARDS — BASTARDY — BAR TO BASTARDY ACTION.

A pregnant woman who, prior to giving birth, married a man not the biological father is foreclosed from seeking support from the biological father.

4. PARENT AND CHILD — PATERNITY — ESTOPPEL.

A man who knowingly marries a pregnant woman and who assumes the status of a father to her child for a period of nine years is estopped to deny paternity of the child.

*White, Spaniola, Knudsen, Stariha & Potuznik, P.C.,* for plaintiff.

*Bruce Krueger* and *Douglas J. Dok, Jr.,* Legal Aid of Western Michigan, for defendant.

Before: D. F. WALSH, P.J., and M. J. KELLY and E. F. OPPLIGER,* JJ.

E. F. OPPLIGER, J. Defendant appeals that portion of the divorce judgment entered in the trial court holding that the plaintiff was not the father of her child and had no duty to support the child.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

She alleges on appeal that the trial court's finding of nonpaternity was clearly erroneous.

In his verified complaint, plaintiff alleged that the child, born on June 28, 1968, was a child of the parties to the divorce action. At trial, plaintiff's counsel orally amended the complaint to aver that plaintiff was not the father of the child born during the marriage.

The trial was brief, consisting only of testimony of the defendant. Both on direct and cross-examination, she stated that she had assumed plaintiff was not the father of her child because she had been informed by her doctor approximately two months after she met plaintiff that she was "about three months pregnant". However, she also testified that she did not know that she was pregnant before she met the plaintiff in the fall of 1967. She learned of her pregnancy in late November, 1967. The parties were married on March 8, 1968. The child was born on June 29, 1968.

The child received the surname Johnson and plaintiff was listed on the birth certificate as the father. Plaintiff supported and cared for the child as his own until this action commenced in November, 1977.

Based on defendant's testimony of her uncertainty as to her child's father, the trial court held that plaintiff was not the father of the child and further held that plaintiff had no duty of support.

The Supreme Court declared in *Serafin v Serafin,* 401 Mich 629; 258 NW2d 461 (1977), that parties to a divorce action have a right to testify to nonaccess to affect the legitimacy of a child born in wedlock. It is nevertheless the clear holding of *Serafin* that there is still the "viable and strong, though rebuttable, presumption of legitimacy". *Id.,* 636. That presumption may be overcome only by

"clear and convincing evidence". *Shepherd v Shepherd,* 81 Mich App 465, 469; 265 NW2d 374 (1978).

Defendant argues that the trial court erred in finding that the presumption of legitimacy was overcome by clear and convincing evidence. We are compelled to agree that the trial court misapplied this standard.

The divorce trial was brief, with the substance of defendant's testimony as recounted above. Following that testimony, the trial court observed:

"Well, I think the principal issue has been resolved here.

I can't, in the face of the evidence presented here, reach the conclusion that he is the father of the child * * *."

Later, after reciting the clear and convincing evidence standard of *Serafin,* the trial court stated:

"There is no claim, apparently, no claim, no efficacious claim presented to this Court by the Defendant that the Plaintiff is in fact the father of the child."

Thus, the trial judge has so clearly reversed the presumption of legitimacy in this case that we cannot uphold his finding of nonpaternity. The trial judge stated that defendant made no claim that plaintiff was the father of this child. However, the very fact the child was born during wedlock presents a very strong claim of legitimacy. Once testimony of birth within wedlock is received, the court need not struggle to "reach the conclusion" of paternity. A prima facie case of paternity has been established which may be rebutted *only* by clear and convincing evidence. By unrebutted testimony the child was born during wedlock, eight months after plaintiff and defendant met, within

the outer limits of the period of gestation which has been said to be between 240 and 300 days. *People v Case,* 171 Mich 282; 137 NW 55 (1912).

Defendant's claim that the child was born during wedlock, standing alone, creates a presumption of legitimacy which is one of the strongest presumptions known in the law. *Shepherd, supra.* In this case, it was rebutted only by defendant's testimony that she was unsure whether plaintiff could be the father of her child. We believe that the trial court's finding of nonpaternity is erroneous in that it is not supported by clear and convincing evidence of illegitimacy required by *Serafin, supra, Shepherd, supra.*

This case also raises the question of an estoppel to deny parentage. Plaintiff married defendant knowing that she was carrying a child for whom he was possibly the biological father. More importantly, plaintiff held himself out as the father and supporter of this child for more than nine years.

Even if plaintiff were not the biological father of the child, by marrying defendant he forecloses any action by her to seek support from the child's biological father. Actions under the paternity act are authorized only where the woman was unmarried from the conception to the date of birth of the child. MCL 722.711(a) and (b), 722.714(b); MSA 25.491(a) and (b), MSA 25.494(b). As the Ohio court observed in *Burse v Burse,* 48 Ohio App 2d 244, 248; 356 NE2d 755 (1976), "the man at the time he marries the woman, knowing the woman is pregnant by another man, should be cognizant that he is foreclosing the chances of the unborn child being legitimized by its natural father and is barring a bastardy action by the mother against the natural father".

Plaintiff assumed the status of father of this

child when the child was born and continued as such for ten years until he amended his divorce complaint at trial. As the child was born during the marriage while the parties lived together as husband and wife, it was not necessary for plaintiff to go through adoption proceedings. Conversely, after plaintiff has represented himself as the father of this child for nine to ten years, he may not now say that he was not.

On the facts of this case the Court is compelled to hold that plaintiff is estopped by his conduct to deny paternity of this child.

For the above reasons, we reverse.