LARNER v LARNER

Docket No. 53147. Submitted November 4, 1981, at Lansing.—Decided February 3, 1982.

Plaintiff, Terry L. Larner, and defendant, Penny L. Larner, were divorced in 1979. They agreed to joint custody of their two children with plaintiff having physical custody 42 weeks per year and defendant having physical custody the other 10 weeks. The judgment of divorce provided under the heading of "Child Support" that plaintiff pay defendant $30 per week per child during those periods in which physical custody of the children was with defendant. Defendant was not ordered to pay any child support. The judgment further provided under the rubric "Medical and Other Expenses" that plaintiff pay all medical expenses of the children. Additionally, it was ordered that each party assume responsibility for clothing and other expenses of the minor children during those periods in which a particular party had physical custody of the children. Plaintiff petitioned the Ingham Circuit Court to require the defendant to pay child support. The court, Thomas L. Brown, J., ordered defendant to pay $15 per week per child. Defendant appealed, alleging that the trial judge erred by ordering a change of support without requiring proof that a change in the circumstances of the children justified it. She also contended that the court erred in basing the order on the Friend of the Court's report of her earnings without holding an evidentiary hearing. *Held:*

1. In this case either there was no support obligation of the defendant at all or it was so minimal as to constitute no real obligation. A divorce decree which does not provide for child support may later be modified to provide for child support regardless of whether or not a change in circumstances has occurred.

2. There was no allegation that the information in the report was inaccurate and there was no request for an evidentiary

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation §§ 847, 850.
[2] 24 Am Jur 2d, Divorce and Separation § 839.

hearing. The court did not err in basing the support order on the Friend of the Court's report.

Affirmed.

1. DIVORCE — CHILD SUPPORT — MODIFICATION OF CHILD SUPPORT — CHANGE IN CIRCUMSTANCES.

A divorce decree which does not provide for child support may later be modified to provide for child support regardless of whether or not a change in circumstances has occurred; where a support award is so minimal as to constitute no real support obligation at all no change of circumstances need be shown before the support award is modified.

2. DIVORCE — SUPPORT ORDERS — EVIDENTIARY HEARINGS.

It is not error for a trial court to base a support order on the weekly income figure reported in the Friend of the Court's recommendation where there is no request for an evidentiary hearing and no assertion that the report is inaccurate.

*Starr & Cornell,* for plaintiff.

*Dunnings & Canady, P.C.,* for defendant.

Before: BRONSON, P.J., and T. M. BURNS and J. T. CORDEN,* JJ.

PER CURIAM. The parties were divorced on May 2, 1979. They agreed to joint custody of their two minor children. Plaintiff was granted physical custody of the children for 42 weeks each year. Defendant was granted physical custody for the 10 weeks of summer vacation.

The judgment of divorce provided under the heading of "CHILD SUPPORT" that plaintiff pay defendant $30 per week per child during those periods in which physical custody of the children was with defendant. Defendant was not ordered to pay any child support. The judgment further provided under the rubric "MEDICAL AND OTHER EXPENSES" that plaintiff pay all medical expenses of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the children. Additionally, it was ordered that each party assume responsibility for clothing and other expenses of the minor children during those periods in which a particular party had physical custody of the children.

On June 4, 1980, the court heard oral arguments on plaintiffs' petition to require defendant to pay child support. At the conclusion of the hearing, the trial court gave the defendant the choice of paying $15 per week per child for 52 weeks or $20 per week per child for 42 weeks, thereby crediting defendant for the time in the summer when the children stayed with her. Ultimately, an order dated August 4, 1980, was entered which required defendant to make support payments in the amount of $15 per week for each child. It is from this order which defendant appeals as of right.

Defendant first asserts that the trial judge erred by ordering a change of support without requiring proof that a change in the circumstances of the children justified the same. On the facts of this case, we find no error.

Generally, support provisions may not be modified absent a change of circumstances. *Andris v Andris,* 77 Mich App 715, 718-719; 259 NW2d 203 (1977). However, when a divorce decree does not provide for support, such maintenance may be provided by the court and does not depend on a change of circumstances. *West v West,* 241 Mich 679, 686; 217 NW 924 (1928), *Ebel v Brown,* 70 Mich App 705, 709; 246 NW2d 379 (1976). In this case, the parties agreed to the child support provisions in the original decree. However, an agreement by the parties on support will not suspend the authority of the court to enter a support order. *West, supra,* 683-684.

Defendant argues that the divorce decree in the

present case did require her to pay support, and the above cases are therefore distinguishable. As noted above, the provision in the decree entitled "CHILD SUPPORT" did not order defendant to pay support for the time the children resided with their father. Plaintiff specifically relies on the provision in the decree entitled "MEDICAL AND OTHER EXPENSES", however, which required her to pay for the clothing and other expenses of the children during those periods when they were in her physical care and custody.

In our opinion, this provision does not constitute support. Support generally encompasses payments made by the noncustodial parent to the custodial parent for the support of the children. The noncustodial parent typically pays the children's expenses during visitation. However, assuming, *arguendo*, that the provision entitled "MEDICAL AND OTHER EXPENSES" is correctly construed as a requirement of child support, our result would be no different. We agree with Judge BRENNAN's dissent in *Ballard v Ballard*, 40 Mich App 37, 42; 198 NW2d 451 (1972), that a support award may be so minimal as to constitute no real support obligation at all. In such cases, we believe Judge BRENNAN is correct in his conclusion that a change of circumstances need not be shown before the support award is modified.

Defendant also asserts that the trial court erred in basing the support order on the weekly income figure reported to be her earnings in the Friend of the Court's recommendation. Defendant argues that an evidentiary hearing should have been conducted and other factors considered in determining the support figure.

Defendant does not assert that her earnings were less than that reported by the Friend of the

Court nor that an express request for an evidentiary hearing was denied. Consequently, we believe the following excerpt from *Ebel, supra,* 710, is applicable:

"Further, in that no change of circumstances need be shown where the court is involved with a decree of support not specified in the original divorce decree, the record need only indicate that the circumstances of the parents and the welfare of the child require support. *Ballard v Ballard, supra,* 42 (BRENNAN, J., *dissenting*), *West v West, supra,* 686. We do not feel an evidentiary hearing is necessary as would be the case if modification of an *existing* support order were the case. See *Stolberg v Stolberg,* 41 Mich App 305; 200 NW2d 110 (1972), *Ewald v Ewald,* 14 Mich App 665; 166 NW2d 49 (1968), *Bowler v Bowler,* 351 Mich 398; 88 NW2d 505 (1958). However, where there has been one requested, the court should so grant. Here there was an express request for such a hearing." (Emphasis in original.)

Of course, nothing in this opinion precludes defendant from seeking a modification of the support award and an evidentiary hearing.

Affirmed.