## ADAMCZYK v ADAMCZYK

Docket No. 87676. Submitted July 9, 1986, at Lansing. Decided October 7, 1986.

Stephanie Adamczyk sought and obtained a divorce from Daniel J. Adamczyk in Macomb Circuit Court. Defendant was given custody of the children of the marriage. The property settlement provided that plaintiff was not responsible for child support. In 1980, defendant filed a petition seeking child support from plaintiff on the basis of plaintiff's increased earnings. The trial court, Edward Gallagher, J., denied the petition on the basis that the property settlement agreement of the parties prevented the court from ordering the payment of child support by plaintiff. Defendant did not appeal that ruling. In 1984, defendant again filed a petition for child support on the basis of plaintiff's changed circumstances. The trial court, Lawrence P. Zatkoff, J., denied the petition on the basis that the parties were bound by the 1980 decision. Defendant appealed.

The Court of Appeals *held:*

Since parents of a minor child may not deprive a court of the power to set or modify child support, it was error for the trial court in 1980 to refuse to consider the question of whether to require plaintiff to pay child support and it was error for the trial court in response to the 1984 petition to refuse to address the question of child support because of the 1980 order.

Reversed and remanded.

PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF CHILD SUPPORT.

Parties to a divorce may not agree to deprive a court of the power to set or modify child support; accordingly, it is error for a court to refuse to consider a petition for child support on the

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1018 *et seq.*

Father's liability for support of child furnished after divorce decree which awarded custody to mother but made no provision for support. 91 ALR3d 530.

Divorce: power of court to modify decree for support of child which was based on agreement of parties. 61 ALR3d 657.

basis that the property settlement precluded the payment of child support.

*Kenneth McAlpine* and *Marguerite F. Walker II,* for plaintiff.

*Currie, Stieper, Haddrill & Seyferth, P.C.* (by *Nelson B. Stieper*), for defendant.

Before: CYNAR, P.J., and T. M. BURNS and M. E. KOBZA,* JJ.

PER CURIAM. Defendant appeals as of right from an order denying child support. We reverse.

Plaintiff and defendant were divorced in 1976 and defendant-father was given custody of the couple's two daughters, ages three and four. The property settlement awarded plaintiff-mother a twenty percent interest in the marital home and provided that she would not be responsible for the support of the children. At the time of the divorce, plaintiff earned $94 a week and defendant earned $255 a week.

In 1980, defendant petitioned the court to modify the divorce judgment to require plaintiff to pay child support. By this time plaintiff was earning a net weekly salary of $204. The friend of the court recommended that plaintiff pay $30 a week per child in support. The trial judge, however, denied defendant's petition holding: "The property settlement is the agreement between the two parties and provided that she shall not pay support and maintenance. He signed it and they both agreed to it. I won't change it." Defendant did not appeal the decision.

In 1984, defendant again petitioned the court for a modification of the divorce judgment to provide

* Circuit judge, sitting on the Court of Appeals by assignment.

for child support. The friend of the court then recommended that plaintiff pay $58 per week, per child, as her salary had increased to an average net weekly earnings of $716. The original trial judge had died, but the successor trial judge held that, although there had been a change in circumstances, the parties were bound by the earlier ruling, and that defendant's only remedy was to appeal the 1980 decision.

We disagree. Parents of a minor child may not agree to deprive a court of the power to set or modify child support. *West v West,* 241 Mich 679, 683-684; 217 NW2d 924 (1928); *Cochran v Buffone,* 137 Mich App 761; 359 NW2d 557 (1984); *Sayre v Sayre,* 129 Mich App 249; 341 NW2d 491 (1983). Thus, even if the parties had agreed that the wife would receive only twenty percent of the marital home's sale proceeds in exchange for her release from all future support obligations, the agreement would not be enforceable. The parties could not deprive the trial court of the power to set or modify child support. Furthermore, the divorce judgment does not state that the plaintiff was forever released from paying child support. Regardless of what the parties agreed to originally, the court had authority to modify the divorce judgment to provide for child support when defendant so petitioned in 1980 and again in 1984. A trial court has continuing jurisdiction to modify a divorce judgment to provide for or alter child support upon a change in circumstances justifying modification. MCL 552.17; MSA 25.97 and MCL 722.27(c); MSA 25.312(7)(c). Thus, the trial court erred in 1980 by refusing to review the parties' changed circumstances, and the trial court erred in 1984 by ruling that the parties were bound by the prior decision denying modification.

Although the trial court found that there was a

change in circumstances, no finding was made as to the amount of child support. Thus, the trial court's order is reversed and this case is remanded for a determination of child support. We do not retain jurisdiction.