JOHNS v JOHNS

Docket No. 105842. Submitted April 13, 1989, at Lansing. Decided
July 5, 1989.

Plaintiff, Robert H. Johns, and defendant, Debra Lynn Johns,
were divorced pursuant to a judgment entered in the Oakland
Circuit Court. The parties' three minor children were deter-
mined to be born of the marriage and custody was awarded to
defendant. The judgment was thereafter modified to award
custody of the two boys to plaintiff. The daughter, Brandi,
remained with defendant. Defendant then filed a petition for
custody of the oldest boy, Michael, which petition was dis-
missed without prejudice. Defendant petitioned again seeking
custody of both boys and alleging that plaintiff was not the
biological father of Michael. The trial court, James S. Thor-
burn, J., awarded custody of the second son, Ronald, to plaintiff
and custody of Michael to defendant. The order further stated
that plaintiff was not Michael's biological father and denied all
child support to the defendant for Michael and Brandi. Defen-
dant then sought to modify the judgment as to child support for
Brandi. Plaintiff then sought custody of Brandi. Defendant then
sought to modify the judgment as to support for both Michael
and Brandi. The circuit court denied plaintiff's petition for
custody of Brandi, denied child support for Michael but
awarded $100 per week for Brandi. Defendant appealed by
leave granted from the order denying child support for Mi-
chael, who has since turned eighteen, seeking such support
retroactive to the date of notice of the petition for modification
of child support.

The Court of Appeals *held:*

1. The trial court erred in failing to order child support for
Michael. It is against the public policy of Michigan for a
parent, whether natural or equitable, to suddenly disclaim
parenthood by stipulation during a custody battle. Where, as

REFERENCES
Am Jur 2d, Divorce and Separation §§ 1018 *et. seq.*
See the Index to Annotations under Custody and Support of Chil-
dren.

here, a father rears a child as his own, he is estopped to deny that the child is his.

2. The circuit court's judgment of divorce, in which plaintiff was determined to be Michael's father, should be binding on the parties as to their future actions.

3. Defendant is entitled to receive retroactive child support payments for Michael. The case is remanded for a determination of the proper amount.

Reversed and remanded.

BEASLEY, P.J., dissented. He would not find that the facts support a holding that plaintiff is estopped from challenging defendant's tardy effort to collect child support for Michael retroactively. He would find that defendant has not met her burden of proof and would, therefore, decline to reverse. He would, however, remand for a full evidentiary hearing regarding whether defendant was entitled to child support for Michael.

1. PARENT AND CHILD — CHILD CUSTODY — CHILD SUPPORT.

The overriding consideration in matters of child custody and support is the welfare of the child.

2. PARENT AND CHILD — CHILD SUPPORT — DIVORCE.

Parents may not bargain away a child's welfare and rights, including the right to receive adequate child support payments; an agreement by the parents regarding support will not suspend the authority of the court to enter a support order.

3. PARENT AND CHILD — CHILD SUPPORT — DIVORCE.

A court which does not provide for child support in an order for a divorce may provide for child support in a subsequent order without a showing of a change of circumstances.

4. PARENT AND CHILD — CHILD SUPPORT — ESTOPPEL — DIVORCE — PATERNITY.

A father who has reared a child as his own is estopped to deny that the child is his child and, therefore, cannot escape child support obligations to the child following a divorce action in which the father was determined to be the child's father; the father's prior behavior in acknowledging paternity and rearing the child as his own estops him from denying his status as an equitable father and escaping his child support obligations.

*Faintuck, Shwedel & Wolfram* (by *William G. Wolfram*), for plaintiff.

*Alan G. Greenberg,* for defendant.

Before: BEASLEY, P.J., and WEAVER and CAVANAGH, JJ.

WEAVER, J. Defendant appeals by leave granted from the December 23, 1987, order of Oakland Circuit Judge James S. Thorburn, which denied defendant's request for modification of judgment for support of the parties' two minor children in defendant's custody. We reverse.

The parties obtained a judgment of divorce on July 25, 1979, in which the parties' three minor children[1] were determined to be born of the marriage and custody was awarded to the defendant mother. On November 16, 1983, the divorce judgment was modified to award custody of the two boys, Michael and Ronald, to the plaintiff father. The parties' daughter, Brandi, remained in the defendant's custody.

On May 29, 1984, defendant filed a petition for custody of the eldest boy, Michael, which petition was dismissed without prejudice upon plaintiff's request. When defendant's second petition was also contested, defendant amended the petition to further request custody of the second son, Ronald. As a result of these petitions, the circuit court entered an order on January 25, 1985, awarding custody of Ronald to plaintiff and Michael to defendant. The order further stipulated that plaintiff was not Michael's biological father and denied all child

[1] Michael Anthony Johns was born February 28, 1971. Ronald Wayne Johns was born October 31, 1972. Brandi Kristine Johns was born June 26, 1975.

support to defendant for Michael and Brandi.[2]

On May 4, 1987, through the friend of the court, defendant filed a petition for modification of judgment as to child support for the daughter, Brandi. Plaintiff then, on June 3, 1987, petitioned the court for custody of the daughter. Unable to continue the custody fight in pro per, on October 12, 1987, defendant retained counsel who filed a motion to modify the judgment for support of both Michael and Brandi.

On December 23, 1987, the circuit court awarded $100 per week child support for Brandi to defendant, but denied child support for Michael "because defendant Debra Lynn Johns has alleged that plaintiff is not the biological father of said child and because of the order entered January 25, 1985." From this order defendant appeals by leave granted, requesting child support for Michael, who has since turned eighteen, retroactive to the date of notice of the petition for modification of child support, or October 12, 1987.

On appeal, defendant argues that the trial court erred by failing to order child support for the child Michael. We agree.

---

[2] The circuit court's order states in pertinent part:

IT IS FURTHER ORDERED AND ADJUDGED that based upon the allegations of DEBRA LYNN JOHNS, the Plaintiff in this matter, ROBERT H. JOHNS, is not the biological father of the minor child, MICHAEL ANTHONY JOHNS, and further, based upon the current set of circumstances, it is the Order of this Court that there shall be no requirement to pay child support on behalf of the Plaintiff, ROBERT H. JOHNS, to the Defendant, DEBRA LYNN JOHNS, for the support and maintenance of the minor child, MICHAEL ANTHONY JOHNS.

*  *  *

IT IS FURTHER ORDERED AND ADJUDGED that no child support shall be required by the Plaintiff to the Defendant for the support and maintenance of BRANDY CHRISTINE [sic] JOHNS, and further, no child support shall be required payable by the Plaintiff to the Defendant, for RONALD WAYNE JOHNS, for the reason that custody of each of the minor children does hereby offset this matter.

This case presents broad policy ramifications for the care and welfare of children in the State of Michigan. Following a divorce, custody battles are common and often protracted. A parent may go to great lengths to obtain or maintain custody. The noncustodial parent may be disgruntled at having lost custody, and in retaliation against the former spouse may wish to withhold child support payments in order to burden the life of the former spouse. Accordingly, for this Court to sanction the practice, during a custody battle, of allowing parents to agree on a disclaimer of parenthood either to obtain custody or to avoid child support, would be tantamount to engaging in a practice contrary to the welfare of the children of this state.

In this case, plaintiff held himself out as Michael's father for over fifteen years. During the marriage, Michael lived with both parties and plaintiff treated Michael as his own. When plaintiff filed for divorce in 1979, his complaint stated that all three children were issue born of the marriage, and the judgment of divorce likewise referred to all three children as the minor children of the parties. When plaintiff filed for divorce he requested custody of all three children. Although custody was initially awarded to defendant, plaintiff later obtained custody of both Michael and Ronald from November 16, 1983, until January 25, 1985. There was no allegation of nonpaternity or disclaimer of child support until after defendant challenged plaintiff's custody of the two boys. Upon transfer of Michael's custody to defendant, plaintiff stopped paying child support for both Michael and his daughter, Brandi, until defendant later sought child support in 1987, at which time plaintiff again challenged defendant's custody of the daughter.

From this scenario it could be inferred that, if

the most affluent parent wishes to avoid child support, that parent need only bring expensive custody challenges in order to intimidate the less affluent parent into foregoing support. While this may temporarily appease the angry spouses, it does not serve the best interests of the children, who may needlessly suffer the effects of inadequate support due to their parents' embitterment. Therefore, we believe it to be against the public policy of this state for a parent, whether natural or equitable, to suddenly disclaim parenthood by stipulation during a custody battle.

This conclusion accords with the existing law of Michigan. The overriding consideration in matters of child custody and support is the welfare of the children. *Ballard v Ballard,* 40 Mich App 37, 42; 198 NW2d 451 (1972). Parents may not bargain away a child's welfare and rights, including the right to receive adequate child support payments. *Id.* at 43; *Wiersma v Wiersma,* 241 Mich 565, 566; 217 NW 767 (1928); *Cochran v Buffone,* 137 Mich App 761, 767; 359 NW2d 557 (1984). An agreement by the parties regarding support will not suspend the authority of the court to enter a support order. *West v West,* 241 Mich 679, 683-684; 217 NW 924 (1928); *Larner v Larner,* 113 Mich App 126, 128; 317 NW2d 315 (1982); *Adamczyk v Adamczyk,* 155 Mich App 326, 328; 399 NW2d 508 (1986). When a court order does not provide for child support, such maintenance may later be provided by the court and does not depend upon a change of circumstances. *West, supra* at 686; *Ballard, supra* at 42; *Larner, supra.*

Where, as in this case, a father rears a child as his own, he is estopped to deny that the child is his. *Johnson v Johnson,* 93 Mich App 415, 419-420; 286 NW2d 886 (1979). See also *Atkinson v Atkinson,* 160 Mich App 601, 610-611; 408 NW2d 516

(1987), lv den 429 Mich 884 (1987). Moreover, we believe that the circuit court's judgment of divorce, in which plaintiff was determined to be the father, should be binding on the parties as to their future actions. See *In re Cook Estate,* 155 Mich App 604, 609-610; 400 NW2d 695 (1986).

We are unimpressed by plaintiff's argument that defendant's allegation of nonpaternity, during the battle to obtain custody of Michael, has alienated him from Michael. Plaintiff treated Michael equally with his other children and at one time plaintiff actually sought and obtained custody of Michael. Only during a later custody battle did the allegation of nonpaternity arise, and when plaintiff lost custody he declined further support of the boy. Nothing prevented plaintiff from continuing to nurture his relationship with Michael through love and support after custody was returned to defendant. If plaintiff is now alienated from Michael, he cannot place the entire blame on defendant. In any event, plaintiff's prior behavior in acknowledging paternity and rearing the child as his own estops him from denying his status as an equitable father and escaping his child support obligations. *Atkinson, supra.*

Based on the foregoing, defendant is entitled to receive child support payments for Michael retroactive to October 12, 1987. The relevant factors in allowing retroactive support are: (1) the ability to pay; (2) who causes the delay in payment; and (3) any other relevant factors. *Cochran, supra* at 767-768. Here, plaintiff's admitted weekly take-home pay of $725, contrasted with defendant's take-home pay of $153 per week, clearly indicates plaintiff's ability to pay. Regarding the delay in paying Michael's child support, it is apparent that the delay was caused by plaintiff, who has successfully fought paying support for Michael. As for

other factors, we deem the disparity of income and defendant's relatively low level of income to weigh significantly in favor of requiring plaintiff to pay.

Plaintiff is therefore ordered to pay support for Michael retroactive to October 12, 1987. Accordingly, we remand to the trial court for a determination of the proper amount.

Regarding defendant's request for attorney fees, this Court is unable to address the question without a circuit court order denying such fees. This Court could address the question, however, following a trial court ruling pursuant to defendant's specific motion for payment of fees brought on the remand for determination of Michael's retroactive child support.

Reversed and remanded. We do not retain jurisdiction.

CAVANAGH, J., concurred.

BEASLEY, P.J. *(dissenting)*. I respectfully dissent. In my opinion, the facts of this case do not appear to support the grant of equitable relief suggested by the majority. The parties' 1979 divorce awarded custody of the three children, Michael, born February 28, 1971, Ronald, born October 31, 1972, and Brandi, born June 26, 1975, to defendant. In August, 1983, plaintiff filed a petition seeking custody of the three children. In her answer to the petition, defendant stated that plaintiff was not the biological father of Michael. On November 16, 1983, the divorce judgment was modified to give plaintiff custody of Michael and Ronald, but left custody of Brandi with defendant. On May 29, 1984, defendant filed a petition for custody of Michael, which petition was dismissed. She filed further, subsequent petitions seeking to regain custody of both Michael and Ronald. On January

25, 1985, custody of Michael was awarded to defendant and custody of Ronald to plaintiff. This order provided, inter alia:

> IT IS FURTHER ORDERED AND ADJUDGED that *based upon the allegations of DEBRA LYNN JOHNS, the Plaintiff in this matter, ROBERT H. JOHNS, is not the biological father of the minor child, MICHAEL ANTHONY JOHNS,* and further, based upon the current set of circumstances, it is the Order of this Court that there shall be no requirement to pay child support on behalf of the Plaintiff, ROBERT H. JOHNS, to the Defendant, DEBRA LYNN JOHNS, for the support and maintenance of the minor child, MICHAEL ANTHONY JOHNS.
>
> * * *
>
> IT IS FURTHER ORDERED AND ADJUDGED that no child support shall be required by the Plaintiff to the Defendant for the support and maintenance of BRANDY CHRISTINE [sic] JOHNS, and further, no child support shall be required payable by the Plaintiff to the Defendant, for RONALD WAYNE JOHNS, for the reason that custody of each of the minor children does hereby offset this matter. [Emphasis added.]

In 1987, further change of custody and child support petitions were filed, culminating in a December 23, 1987, order awarding $100 per week child support to defendant for Brandi, but denying child support for Michael, because defendant had previously claimed plaintiff was not Michael's biological father.

On appeal, defendant wants child support for Michael, retroactive to October 12, 1987, he having reached eighteen on February 28, 1989.

While I would not disagree with some of the broad policy articulated by the majority, I doubt that it is applicable here. There was no evidentiary hearing here. The only evidence that plaintiff

is *not* the biological father of Michael is an asser-
tion of defendant in a 1983 pleading, some four
years after the divorce, which divorce implicitly
treated plaintiff as Michael's legal father. Neither
is it clear as to when the mother *first* made known
to the father that she was claiming he was not the
biological father. The trial court record indicates
that it was defendant, and *not* plaintiff, who made
the belated claim that plaintiff was not the biologi-
cal father of Michael and who used that assertion
in an attempt to retain custody. This does not look
like an equitable basis for holding that plaintiff is
estopped from challenging defendant's tardy effort
to collect child support from him retroactively,
now that the boy is over eighteen.

On the skimpy record before us, I would hold
that defendant has not met her burden of proof
and, therefore, would decline to reverse. I would
remand this case to the trial court for a full
evidentiary hearing (if either party wishes) relat-
ing to whether or not defendant was entitled to
child support for Michael from plaintiff during the
period indicated, after which the trial judge should
make findings of fact necessary to the decision.

I would remand for proceedings consistent with
this opinion.