TILLEY v TILLEY

Docket No. 132215. Submitted July 7, 1992, at Detroit. Decided August 3, 1992, at 9:45 A.M.

    Sharon A. Tilley brought an action in the Monroe Circuit Court seeking a divorce from David M. Tilley. The court, Michael W. LaBeau, J., found that the parties had acted in loco parentis with regard to the two minor children of the plaintiff's brother who had been living with them and ordered the defendant to pay child support for the children. The parties had not adopted the children, the parental rights of the childrens' natural parents had not been terminated, and there had been no court proceeding regarding legal guardianship of the children. The defendant appealed from the support order by leave granted.

    The Court of Appeals *held:*

    The circuit court was not authorized by statute to enter the order regarding the care, custody, and support of children who were not the children of the parties. The defendant did not contract with the plaintiff or any other person to care for the children indefinitely, and the plaintiff did not rely upon a promise of the defendant to her detriment. As a matter of public policy, the defendant should not be held to be legally obligated to support the children simply because he voluntarily did so for several years.

    Order vacated.

1. DIVORCE — CHILD SUPPORT — MINOR CHILDREN OF PARTIES — IN LOCO PARENTIS.

    Upon annulling a marriage or entering a judgment of divorce, a circuit court may enter orders that it considers just and proper regarding the care, custody, and support of the minor children of the parties; the court also may enter an order requiring a nonbiological parent to support a minor child of the marital household where the parent knowingly stands in loco parentis to the child (MCL 552.16; MSA 25.96).

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1018-1021.

See the Index to Annotations under Custody and Support of Children.

2. Pᴀʀᴇɴᴛ ᴀɴᴅ Cʜɪʟᴅ — Cʜɪʟᴅ Sᴜᴘᴘᴏʀᴛ.

    Absent adoption, the obligation to support a child remains with the biological parents (MCL 722.3; MSA 25.244[3]).

*Judith A. Curtis,* for the defendant.

Before: Mᴜʀᴘʜʏ, P.J., and Sʜᴇᴘʜᴇʀᴅ and T. S. Eᴠᴇʟᴀɴᴅ,* JJ.

Mᴜʀᴘʜʏ, P.J. Defendant appeals by leave granted from an order of the circuit court requiring him to pay child support for plaintiff's brother's children who resided with plaintiff and defendant before the parties' divorce proceedings. We vacate the order of the circuit court.

Defendant and plaintiff were married on July 20, 1973. The parties have one child, whose support is not at issue in this appeal.

In early 1983, plaintiff and her family determined that the two minor children of plaintiff's brother, Mitchell Sproessig, and his wife, Michelle Sproessig, who were living in Texas, were being neglected. Plaintiff and defendant agreed to care for the two Sproessig children with the understanding that plaintiff and defendant would keep the children until the Sproessigs were willing and able to care for them. Plaintiff and defendant did not adopt the Sproessig children, although defendant offered to do so. The Sproessigs' parental rights were not terminated, and there was no court proceeding regarding the legal guardianship of the children.

The Sproessigs, however, signed a document entitled "Guardian Designation" that provided, in pertinent part:

    Mitchell Dean Sproessig and Michelle D. Sproes-

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

sig, each individually and together, herby designate Sharon Ann Tilley and David Miles Tilley as the guardians of the above-referenced children. The purpose of the guardianship designation is so that the children can live with Sharon and David Tilley at their residence in Michigan and so that the Tilleys can properly care for and provide for the children. It is the belief of Mitchell Sproessig and Michelle Sproessig that this affidavit is executed in the best interests of the children.

The Sproessigs also signed a "Medical and Dental Consent and Authorization" document, which authorized plaintiff and defendant to consent to medical treatment for the children. An attorney for the plaintiff and defendant drafted the documents, which were then executed by the Sproessigs in Texas. The documents were essentially affidavits and were not authorized by any court. Plaintiff and defendant did not sign the documents.

Defendant provided the total financial support for the family, while plaintiff quit her job to care for the parties' child as well as the two Sproessig children. Mitchell Sproessig maintained contact with his children, although Michelle Sproessig did not.

The children continued to live with plaintiff and defendant until 1987, when plaintiff and defendant separated. The children remained with plaintiff, while defendant continued to support the family. On April 14, 1989, plaintiff filed for divorce, requesting, in part, that defendant be ordered to pay child support for the Sproessig children.

At the conclusion of an evidentiary hearing, the circuit court found that plaintiff and defendant had acted "in loco parentis" and, as a result, defendant was obligated to provide financial support for the Sproessig children. The circuit court

entered an order requiring defendant to pay child support for the Sproessig children until they were eighteen years old. This Court granted defendant's application for leave to appeal from the support order.

Defendant first contends that he is not obligated to provide support for the Sproessig children because the circuit court did not have jurisdiction to enter the order. The circuit court's jurisdiction in a divorce action is strictly statutory. *Stamadianos v Stamadianos,* 425 Mich 1, 5; 385 NW2d 604 (1986); *Fowler v Fowler,* 191 Mich App 318, 319; 477 NW2d 112 (1991). MCL 552.16; MSA 25.96 provides that upon annulling a marriage or entering a judgment of divorce, the circuit court may enter orders that it considers just and proper regarding the care, custody, and support of the minor children of the parties. Because the Sproessig children were not children of the parties, the circuit court was not statutorily authorized to enter an order regarding the care, custody, and support of the Sproessig children.

In *Nygard v Nygard,* 156 Mich App 94, 100, n 3; 401 NW2d 323 (1986), however, this Court concluded that MCL 552.16; MSA 25.96 does not preclude a circuit court from entering an order requiring a nonbiological "parent" to support a minor child where the parent knowingly stands in loco parentis to a child of the marital household. In *Nygard,* the plaintiff mother discovered that she was pregnant and planned to give the child up for adoption. The defendant, who was not the father of the child, persuaded the plaintiff to keep the child by offering to marry the plaintiff and support the child. The parties married before the child was born, and the defendant placed his name on the birth certificate.

The plaintiff later filed for divorce, and the circuit court ordered the defendant to pay child support. This Court affirmed the support order, holding that, under certain circumstances, a person other than a biological parent may be obligated to provide child support. *Nygard, supra,* 99. This Court further held that in that case the defendant had essentially contracted to support the child and was equitably or promissorily estopped from raising the statute of frauds as a defense to such a contract. *Id.* See also *Johnson v Johnson,* 93 Mich App 415; 286 NW2d 886 (1979).

This case is distinct from *Nygard.* In this case, the Sproessig children are not the biological children of either plaintiff or defendant, nor has defendant purported to be the biological father of the Sproessig children. Rather, the Sproessig children are the children of Mitchell and Michelle Sproessig, who have not had their parental rights terminated, and who are not parties to this divorce action. Under these circumstances, the circuit court had no jurisdiction to resolve the issue of the support of the Sproessig children in this action, because such a determination would necessarily involve the rights and duties of Mitchell and Michelle Sproessig.

We also hold that defendant is not obligated to support the children. The biological parents of a child are obligated to support and maintain that child. MCL 722.3; MSA 25.244(3); *Nygard, supra,* 97. Absent adoption, the obligation to support a child remains with the natural parents. *Wilson v General Motors Corp,* 102 Mich App 476, 480; 301 NW2d 901 (1980). Generally, where there is no biological relationship between the child and the adult, the adult has no legal obligation to support

the child.[1] *Nygard, supra,* 97. A legally appointed guardian is not obligated to support a child that is the guardian's ward. MCL 700.431; MSA 27.5431.

Unlike *Nygard,* there is no indication that defendant in this case contracted with plaintiff or any other person to care for the Sproessig children indefinitely, nor has plaintiff relied upon a promise of defendant to her detriment. While defendant may have encouraged plaintiff to quit her job, there is no indication that defendant thereby induced plaintiff to take custody of the Sproessig children. Rather, plaintiff was at least equally willing to take the children into the parties' family and agreed to quit her job to care for the children. Because the equitable considerations present in *Nygard* are not present in this case, defendant has no duty to support the Sproessig children.[2]

Moreover, as a matter of public policy, defendant should not be held to be legally obligated to support the Sproessig children simply because he voluntarily did so for several years. Many people who voluntarily provide the children of family and friends with financial support may be discouraged

---

[1] This Court has held that in certain circumstances a person who is not the biological father of a child is obligated to support the child. These cases have generally been in the context of a support dispute after the entry of a judgment of divorce. The grounds for these determinations have been res judicata, as well as the public policy concern that parents should not be able to challenge paternity after a judgment of divorce as a means to resolve a custody or support dispute. *Hackley v Hackley,* 426 Mich 582, 584-585; 395 NW2d 906 (1986); *Rucinski v Rucinski,* 172 Mich App 20, 22-23; 431 NW2d 241 (1988); *Johns v Johns,* 178 Mich App 101, 106-107; 443 NW2d 446 (1989). This case does not involve these issues, nor does it involve the exceptional situation found in *Nygard* or *Johnson, supra,* where the husband married the mother before the birth of the child and thereafter held himself out as the father of the child.

[2] We also note that defendant represents on appeal that the Monroe Circuit Court, in a separate proceeding, has ordered Mitchell Sproessig to pay child support to plaintiff for the support of the Sproessig children.

from doing so if they risk becoming legally obligated to support those children until they reach majority.

The order of the circuit court is vacated.