TANIELIAN v BROOKS

Docket No. 152295. Submitted June 4, 1993, at Detroit. Decided
     November 1, 1993, at 9:35 A.M.

     Pamela D. Tanielian brought an action in the Oakland Circuit
     Court against Ernie L. Brooks, seeking an order of filiation and
     child support with regard to a child born to Pamela during her
     marriage to Richard Tanielian. The action was brought two
     years after the Tanielians were divorced in the Oakland Circuit
     Court, Frederick C. Ziem, J., and Pamela was awarded physical
     custody of the child and Richard was awarded visitation and
     ordered to pay child support. The action for an order of filiation
     was brought after blood tests demonstrated that Brooks was the
     child's biological father, the Tanielians stipulated that Richard
     was not the biological father, and the court entered an order
     modifying the judgment of divorce, terminating Richard's pa-
     rental rights and child support obligation. Although Brooks
     admitted that he is the child's biological father, he filed a third-
     party complaint in the action for an order of filiation, alleging
     that Richard is the child's equitable father and, therefore,
     should pay the child support requested. The court, Deborah G.
     Tyner, J., granted summary disposition for Richard, but denied
     his request for costs and attorney fees. Brooks appealed from
     the order granting summary disposition, and Richard cross
     appealed from the denial of his request for costs and attorney
     fees.

     The Court of Appeals *held:*

     1. Brooks' parental rights have not been terminated and he is
     obligated to support the child. He cannot alter his obligation by
     finding another party upon whom that obligation might other-
     wise have fallen. Richard Tanielian is not liable to Brooks for
     any part of Pamela Tanielian's claim against Brooks.

     2. Brooks does not have standing to raise an issue regarding
     the *modification of the judgment of divorce to eliminate Rich-*

REFERENCES

Am Jur 2d, Damages §§ 615, 616; Motions, Rules, and Orders § 23;
     Parent and Child § 41 *et seq.*

Liability of mother's husband, not the father of her illegitimate
     child, for its support. 90 ALR2d 583.

ard Tanielian's child support obligation, because he was not a party in that case.

3. The trial court did not clearly err in denying Richard Tanielian's motion for costs and attorney fees.

Affirmed.

1. PARENT AND CHILD — CHILD SUPPORT.

The biological or adoptive parents of a child are obligated to support the child; absent adoption, the obligation remains with the biological parents; an adult generally has no legal obligation to support a child where there is no biological parent-child relationship (MCL 722.3; MSA 25.244[3]).

2. MOTIONS AND ORDERS — FRIVOLOUS CLAIMS — SANCTIONS — APPEAL.

A trial court's determination that no frivolous claim was presented and that, therefore, no sanctions for a frivolous claim are in order will not be disturbed on appeal where the court did not clearly err.

*Sandor M. Gelman, P.C.* (by *Sandor M. Gelman*), for Pamela D. Tanielian.

*Henry Baskin, P.C.* (by *Henry Baskin* and *Dana Baskin*), for Ernie L. Brooks.

*Wood & Wood, P.C.* (by *Brian H. Herschfus*), for Richard Tanielian.

Before: WEAVER, P.J., and MURPHY and JANSEN, JJ.

MURPHY, J. Defendant and third-party plaintiff, Ernie Brooks, appeals from an order of the Oakland Circuit Court granting summary disposition pursuant to MCR 2.116(C)(8) of his third-party complaint. Third-party defendant, Richard Tanielian, cross appeals from the same order, which denied his request for costs and attorney fees. We affirm.

Plaintiff and Richard Tanielian were divorced in August 1981. During the marriage, Adam Richard

Tanielian was born to plaintiff. The default judgment of divorce awarded plaintiff custody of Adam, awarded Mr. Tanielian visitation, and also ordered him to pay child support. In 1983, plaintiff and Mr. Tanielian stipulated that Mr. Tanielian was not the biological father of Adam, after blood tests demonstrated that defendant was actually Adam's biological father. The circuit court subsequently entered an order modifying the default judgment of divorce, terminating Mr. Tanielian's parental rights with respect to Adam, as well as his child support obligation.

Plaintiff eventually filed this action, requesting a determination by the circuit court that defendant is the biological father of Adam, and that he be required to pay child support. Defendant filed a third-party complaint alleging that Mr. Tanielian is the "equitable" parent of Adam and is therefore obligated to pay the child support requested in plaintiff's complaint against defendant. Mr. Tanielian moved for summary disposition pursuant to MCR 2.116(C)(7) and (8), asserting that defendant had failed to state a claim upon which relief can be granted and also requesting that he be awarded costs and attorney fees as sanctions for defendant's frivolous claim. The circuit court granted Mr. Tanielian's motion for summary disposition, holding that there was no legal basis for defendant's third-party complaint, but denied Mr. Tanielian's motion for sanctions.

Defendant contends that the circuit court erred in granting Mr. Tanielian's motion for summary disposition of defendant's third-party complaint. Defendant argues that under Michigan law, Mr. Tanielian is obligated to provide child support for Adam because he is Adam's "equitable" father, although not his biological father. Defendant further argues that once the judgment of divorce

established Mr. Tanielian's child support obligation, the circuit court could not modify the judgment to eliminate this obligation, because this undermined Adam's right to support. We disagree.

The biological or adoptive parents of a child are obligated to support that child. MCL 722.3; MSA 25.244(3); *Tilley v Tilley,* 195 Mich App 309, 313; 489 NW2d 185 (1992); *Nygard v Nygard,* 156 Mich App 94, 97; 401 NW2d 323 (1986). Absent adoption, this obligation remains with the biological parents. *Id.; Wilson v General Motors Corp,* 102 Mich App 476, 480; 301 NW2d 901 (1980). In this case, defendant admits that he is the biological father of Adam. Defendant's parental rights with respect to Adam have not been terminated. Defendant is therefore obligated to support Adam.

Defendant argues, however, that Mr. Tanielian should be obligated to support Adam even though not biologically related to the child. Generally, where there is no biological parent-child relationship, the adult has no legal obligation to support the child. *Tilley, supra,* 313-314; *Nygard, supra.* In certain instances, however, a person other than the biological parent of a child has been held obligated to support the child. *Id.,* 99. A nonbiological parent may be held obligated to support a minor child where the parent stands in loco parentis to a child of the marital household. *Id.,* 100, n 3. In *Nygard,* the defendant father was not the biological father of the child, but had persuaded the plaintiff mother not to give up the child for adoption by promising to marry the plaintiff and to support the child. This Court held that the defendant had essentially contracted to support the child and was equitably or promissorily estopped from raising the statute of frauds as a defense to the contract. *Id.,* 99. See also *Johnson v Johnson,* 93 Mich App 415; 286 NW2d 886 (1979).

There is also authority that a parent may not challenge paternity as a means of resolving a custody or support dispute after the entry of a judgment of divorce. *Johns v Johns,* 178 Mich App 101, 106-107; 443 NW2d 446 (1989).

We are unaware of any authority, however, that permits a biological parent to escape child support obligations by bringing a third-party action against a person who under certain circumstances might have been held to be obligated for child support. MCR 2.204(A)(1) provides in part that "a defending party, as a third-party plaintiff, may serve a summons and complaint on a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim." Even if defendant were successful in demonstrating that under certain circumstances Mr. Tanielian might have been held to be obligated to support Adam, it cannot be said that Mr. Tanielian is a person who is liable to defendant for any part of plaintiff's claim. Rather, defendant, as the biological father of Adam, is obligated to support Adam. MCL 722.3; MSA 25.244(3); *Tilley, supra,* 313; *Wilson, supra.* Defendant cannot alter his child support obligations by finding another party upon whom that obligation might otherwise have fallen.

Even if a biological parent could so escape child support obligations, this case is factually distinct from the cases that impose support obligations upon nonbiological parents. In *Nygard, supra,* the defendant knew that he was not the biological father but held himself out as the father and assured the plaintiff mother that he would care for the child financially, thereby precluding the plaintiff from seeking support from the biological father. Similarly, in *Johnson, supra,* the defendant knew that he was potentially not the biological father, but held himself out as the child's father,

thereby precluding the plaintiff from seeking support from the biological father. In this case, there is no indication that Mr. Tanielian knew that he was not the biological father of Adam, and thus was not knowingly "holding himself out" as the father of Adam. Nor is there any indication that Mr. Tanielian induced plaintiff not to pursue defendant for support by promises to support the child. Further, unlike the situation presented in *Johns,* the fact that Mr. Tanielian is not the biological father of Adam was not raised by either plaintiff or Mr. Tanielian as a means to resolve a custody or support battle. Rather, defendant is the party seeking to use the question of paternity to affect the issue of his support obligation.

In addition, we note that defendant has no standing to raise the issue of Mr. Tanielian's potential support obligation. Defendant argues that the circuit court could not modify the judgment of divorce to eliminate Mr. Tanielian's child support obligation because this would impair Adam's rights to child support. Defendant is not the proper party to raise this argument. Defendant cannot "appeal" from the judgment of divorce in which plaintiff and Mr. Tanielian were parties. Rather, the circuit court's determination of Mr. Tanielian's support obligation in the judgment of divorce was subject only to timely appeal by the parties in that case.

Mr. Tanielian contends on cross appeal that he is entitled to costs and attorney fees because defendant's claim is frivolous. We will not disturb the circuit court's determination that defendant's claim was not frivolous, because we cannot say that the circuit court clearly erred. See *State Farm Fire & Casualty Co v Johnson,* 187 Mich App 264, 268; 466 NW2d 287 (1991).

Affirmed.