BERGAN v BERGAN

Docket No. 198711. Submitted September 4, 1997, at Grand Rapids. Decided October 24, 1997, at 9:30 A.M.

Sean C. Bergan brought an action in the Berrien Circuit Court against Kim Bergan, seeking a divorce after two years of marriage and to disclaim paternity of a child born to the defendant shortly after the marriage. In spite of the defendant's concession that the plaintiff was not the child's biological father and of blood tests excluding the plaintiff as the child's biological father, the court, Casper O. Grathwohl, J., denied the motion and entered a judgment of divorce that obligated the plaintiff to pay child support. The plaintiff appealed the judgment of divorce insofar as it requires him to pay child support.

The Court of Appeals *held*:

1. The biological parent of a child is obligated to support that child. MCL 722.3; MSA 25.244(3). It is presumed that a child born to a married couple is the biological child of the husband and the wife. However, this presumption may be rebutted by clear and convincing evidence.

2. The plaintiff presented clear and convincing evidence rebutting the presumption that he is the biological father of the child.

3. A person who is not the biological parent of a child may be legally considered the parent of the child under the doctrines of equitable parenthood and equitable estoppel.

4. Under the doctrine of equitable parenthood, a husband who is not the biological father of a child born or conceived during the marriage may be considered the natural father of the child where three conditions are met: the husband and the child mutually acknowledged a relationship as father and child, or the mother of the child has cooperated in the development of such a relationship over a period before the filing of the complaint for divorce; the husband desires to have the rights afforded to a parent; and the husband is willing to take on the responsibility of paying child support. The doctrine does not apply to this case in view of the plaintiff's refusal to voluntarily assume the responsibility of paying child support.

5. The doctrine of equitable estoppel applies where a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts, the other party justifiably relies and acts on that belief, and the other party will be prejudiced if the first party is allowed to deny the existence of those facts. The doctrine does not apply to this case inasmuch as the plaintiff made no representation that he would raise the child as his own such that he should be now estopped from denying parenthood.

Reversed and remanded.

*Donald D. Dettman*, for the plaintiff.

Amicus Curiae:

*Patrick C. Murphy*, Assistant Prosecuting Attorney, for Angela M. Pasula, Berrien County Prosecuting Attorney.

Before: O'CONNELL, P.J., and MACKENZIE and GAGE, JJ.

PER CURIAM. In this divorce action, plaintiff appeals as of right the prior order of the circuit court denying his motion to disclaim paternity of a child born during the marriage. We reverse and remand.

Defendant gave birth to a son shortly after the parties were married in 1992. The two had previously had a child together in 1989. Because the second child did not, in plaintiff's opinion, favor him as the first had, he soon inquired of defendant whether this child was his. Defendant assured plaintiff that the child was indeed his son. Defendant later testified that she believed that her assurances had assuaged plaintiff and that she had successfully persuaded him that the child was his own.

However, defendant knew that plaintiff was not the biological father of this child. After the parties separated and plaintiff initiated divorce proceedings in

1994, plaintiff again asked defendant whether he was the child's father. At this point, defendant confessed that plaintiff was not the biological father. Defendant later conceded in open court that she knew the identity of the biological father of the second child, but "did not want him in [her] child's life." Plaintiff moved to disclaim paternity incident to the divorce action. Despite the fact that subsequent blood tests revealed that there was no possibility that plaintiff was the biological father of the child, the circuit court denied plaintiff's motion. Plaintiff subsequently sought and was awarded physical custody of the first child, but was ordered to pay child support with respect to the second child.

Plaintiff now appeals as of right that portion of the judgment of divorce requiring him to support the child of which he is not the biological father. Because the motion to disclaim paternity sounds in equity, our review of the holding of the circuit court is de novo. *Guise v Robinson*, 219 Mich App 139, 143-144; 555 NW2d 887 (1996).

The biological parent of a minor child is obligated to support that child. MCL 722.3; MSA 25.244(3). It is presumed that a child born to a married couple is the biological child of the husband and the wife. *Maxwell v Maxwell*, 15 Mich App 607, 615-618; 167 NW2d 114 (1969). However, this presumption may be rebutted by clear and convincing evidence. *Serafin v Serafin*, 401 Mich 629, 636; 258 NW2d 461 (1977).

In the present case, neither party contests the implicit conclusion of the circuit court that plaintiff presented clear and convincing evidence that he is not the biological father of the child. Defendant conceded this point below, and defendant's concession

was confirmed by blood test results. Therefore, plaintiff has successfully rebutted the presumption that he is the biological parent of the child. *Id.*

Nonetheless, Michigan recognizes two doctrines, other than adoption, by which one who is not the biological parent of a child may be legally considered to be the parent of the child—equitable parenthood and equitable estoppel. These distinct approaches seem to have been conflated by the circuit court. Our analysis indicates that neither of these doctrines applies to the present case.

First, plaintiff may not be considered to be an equitable parent. As explained in *Atkinson v Atkinson,* 160 Mich App 601, 608-609; 408 NW2d 516 (1987),

> a husband who is not the biological father of a child born or conceived during the marriage may be considered the natural father of that child where (1) the husband and the child mutually acknowledged a relationship as father and child, or the mother of the child has cooperated in the development of such a relationship over a period of time prior to the filing of the complaint for divorce, (2) the husband desires to have the rights afforded to a parent, and (3) the husband is willing to take on the responsibility of paying child support.

The *Atkinson* Court emphasized the third prong, stating that, "under certain circumstances, a person who is not the biological father of a child may be considered a *parent when he desires such recognition and is willing to support the child* as well as wants the reciprocal rights of custody or visitation afforded to a parent." *Id.*, p 610 (emphasis supplied).

Here, plaintiff has refused to voluntarily assume the responsibility of paying child support, meaning the third prong of the test set forth in *Atkinson* is not sat-

isfied. Therefore, regardless of whether the first and second prong are satisfied, because plaintiff has averred that he will not pay child support unless ordered to do so, he is not an equitable parent.

Second, plaintiff is not equitably estopped from denying paternity in the present case.

> "Equitable estoppel arises where a party, by representations, admissions, or silence intentionally or negligently induces another party to believe facts, the other party justifiably relies and acts on that belief, and the other party will be prejudiced if the first party is allowed to deny the existence of those facts." [*Guise, supra,* p 144, quoting *Soltis v First of America Bank-Muskegon,* 203 Mich App 435, 444; 513 NW2d 148 (1994).]

Here, plaintiff made no affirmative representation that he would raise the child as his own, as occurred in the case of *Nygard v Nygard,* 156 Mich App 94, 96; 401 NW2d 323 (1986), and in which we concluded that the husband was estopped from later denying paternity. Indeed, the instant plaintiff had no reason to make such a representation in light of the fact that he believed the child to be his own.

Similarly, plaintiff made no implied representation that he would raise the child as his own. While a husband may be estopped from denying paternity "where he represents himself for many years as the father of the child," *Soumis v Soumis,* 218 Mich App 27, 33; 553 NW2d 619 (1996), an action that could be considered to be a type of implied representation, this has not occurred in the present case. Plaintiff and the child lived together for only the first two years of the child's life, after which the parties separated and the child lived with defendant. Plaintiff formally attempted to deny paternity within six months of

learning that he was not the biological father. He has not lived with the child now for more than three years. Therefore, while one who represents himself to be the father of the child "for nine or ten years" may be estopped from then disclaiming paternity, *Johnson v Johnson*, 93 Mich App 415, 420; 286 NW2d 886 (1979), we do not believe that one who has been duped into believing himself to be the father for slightly more than two years is similarly estopped.

Therefore, because plaintiff has demonstrated by clear and convincing evidence that he is not the parent of the child and because neither the doctrine of equitable parenthood nor the doctrine of equitable estoppel applies, plaintiff has no legally cognizable relationship with the child. Accordingly, he may not be required to pay child support. However, defendant remains free to pursue the biological father in this respect.

Reversed and remanded. The circuit court is directed to amend the judgment of divorce in accordance with this opinion.