SAYRE v SAYRE

Docket No. 64495. Submitted August 17, 1983, at Grand Rapids.—
    Decided September 28, 1983.

    Plaintiff, Suzanne Sayre, and defendant, Frank Sayre, were di-
    vorced in the Kalamazoo Circuit Court. Plaintiff got custody of
    the children and child support was ordered. The court modified
    the order in February, 1978. In 1979, plaintiff and the children
    moved to Hawaii. In 1979 and again in 1980 the circuit court in
    Hawaii entered an order pursuant to a stipulation of the
    parties for a modification of child support. Plaintiff moved back
    to Michigan and requested of the Kalamazoo Circuit Court a
    modification of child support. The court, Donald T. Anderson,
    J., denied a change from the 1980 Hawaii court's order, holding
    that there had not been a sufficient change of circumstances
    since the 1980 order, the most recent judicial determination of
    the proper amount of child support. Plaintiff appealed. *Held:*

    The court erred in requiring a showing of a substantial
    change in circumstances since the 1980 order. That order, made
    by stipulation, was devoid of findings of fact or information
    relative to the circumstances at that time.

    Remanded for a determination of whether a change in cir-
    cumstances has occurred since the 1978 order sufficient to
    warrant a modification of child support.

1. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT.
    A trial court has the statutory power to modify orders for child
        support upon a showing by the petitioning party of a change in
        circumstances sufficient to justify modification (MCL 552.17;
        MSA 25.97).

2. PARENT AND CHILD — CHILD SUPPORT — MODIFICATION OF SUPPORT.
    All relevant factors are to be considered in determining whether

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 1082, 1083.
[3] 24 Am Jur 2d, Divorce and Separation §§ 828, 1019.
    Power of court to modify decree for support of child which was
    based on agreement of parties. 61 ALR3d 657.

there has been a change of circumstances sufficient to justify a modification of an order granting child support.

3. Parent and Child — Child Support — Stipulation.

Stipulations by the parties as to child support are not binding on the court, which has the power to independently provide for the maintenance of children.

*Barnard & Smith, P.C.* (by *Robert J. Barnard, Jr.*), for plaintiff.

*Harry Contos, Jr.,* for defendant.

Before: Danhof, C.J., and MacKenzie and M. E. Dodge,* JJ.

Per Curiam. Plaintiff and defendant were divorced on October 28, 1974, in Kalamazoo County. Plaintiff was awarded custody of the parties' two minor children and defendant was ordered to pay child support in the amount of $101 per week for the two children. Shortly after the judgment of divorce was entered, defendant moved to Hawaii.

The original child support order was modified by the Kalamazoo County Circuit Court in February, 1978. Child support was increased to $130 per week.

On January 19, 1979, the trial court issued an order allowing plaintiff to remove the children from the State of Michigan. Plaintiff moved to Hawaii with the parties' children, her new husband and their infant son.

On December 3, 1979, the Family Court of the First Circuit of the State of Hawaii entered an order pursuant to the stipulation of the parties modifying visitation and child support. The stipulation stated that child support payments would remain at $130 per week, for a total of $531 per

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

month, but support was effectively decreased, as $487.67 of the monthly total would be for the payment of current child support and $43.33 would be payment toward defendant's child support arrearages, then totaling $2,071.99. The support obligation was again altered by stipulation of the parties and order of the Hawaii court on September 18, 1980, to provide that defendant would pay $520 per month, of which $476.67 was payment of current support and $43.33 was payment against defendant's child support arrearages, then totaling $3,000.

On September 6, 1980, plaintiff and her husband and son returned to Michigan with the parties' children. On December 21, 1981, plaintiff filed a petition in the Kalamazoo County Circuit Court seeking an increase in child support and a money judgment for support arrearages. Plaintiff's petition for an increase in child support was denied, the trial judge finding that there had been no change in circumstances since 1980, the most recent "judicial determination" of the proper amount of child support.

On appeal, plaintiff contends that the trial court erred in using the 1980 stipulation between the parties entered into in Hawaii as the most recent judicial determination, rather than the 1978 determination, made after an evidentiary hearing. Plaintiff contends that circumstances had changed sufficiently since both 1978 and 1980 to warrant an increase in child support payments.

A trial court has the statutory power to modify child support orders upon a showing by the petitioning party of a change in circumstances justifying modification. MCL 552.17; MSA 25.97; *Jacobs v Jacobs,* 118 Mich App 16; 324 NW2d 519 (1982). When entertaining a petition for modification of

child support, all relevant factors should be considered, *Rutledge v Rutledge,* 96 Mich App 621, 624; 293 NW2d 651 (1980), including the father's income, *Vaclav v Vaclav,* 96 Mich App 584, 588; 293 NW2d 613 (1980), the mother's income, MCL 552.17; MSA 25.97, and the needs of the children, *Baird v Baird,* 368 Mich 536; 118 NW2d 427 (1962). The petitioner bears the burden of proving a change in circumstances justifying alteration of the divorce judgment. *Zammitt v Zammitt,* 106 Mich App 593; 308 NW2d 294 (1981).

We believe the trial court erred by requiring plaintiff to show a substantial change in circumstances since the 1980 stipulation entered in Hawaii. The stipulation order entered in the Hawaii court is devoid of any findings of fact or information relative to the circumstances of the parties or their children. The only information presented at the hearing below concerning the conditions surrounding the 1980 stipulation was defendant's income tax return and plaintiff's testimony that she was unemployed at that time. Since all the factors relevant to the parties' circumstances and the needs of the children must be considered when determining whether to grant a request for an increase in child support, it was error for the trial court to find that the 1980 stipulation and order precluded the granting of plaintiff's petition for modification.

In addition, the 1980 stipulation is not binding because Michigan law does not allow parents to bargain away the rights of their children. *Wiersma v Wiersma,* 241 Mich 565; 217 NW 767 (1928). The trial court retains continuing jurisdiction and the power to provide for the proper maintenance of the children of the parties to a divorce, even though one parent has released the other from his

or her child support obligation. *West v West,* 241 Mich 679; 217 NW 924 (1928).

On remand, the issue will be whether a change in circumstances has occurred since the 1978 order sufficient to warrant a modification of child support. Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.