CALLEY v CALLEY

Docket No. 142033. Submitted October 7, 1992, at Lansing. Decided December 8, 1992, at 9:30 A.M.

Lawrence E. Calley was granted a divorce from Kay R. Calley in the Calhoun Circuit Court in May 1986. The parties were granted joint legal custody of their two minor children, the defendant was granted physical custody, and the plaintiff was ordered to provide support in the amount of $100 a week for each child for a period of six years. Following the plaintiff's petition for a change in custody of the older child, the court, Conrad J. Sindt, J., granted him temporary custody, abated his support obligation with regard to that child, and ordered a friend of the court investigation. Following a hearing, the court granted physical custody of the older child to the plaintiff and ordered him to pay support in the amount of $220 a week for the younger child pursuant to the friend of the court's child support formula. The plaintiff appealed.

The Court of Appeals *held:*

1. Enactment of 1990 PA 243 and 1990 PA 291 created a rebuttable presumption in favor of setting child support at the level recommended by the friend of the court's child support formula. Any substantial change in the amount of support recommended in a new friend of the court report from the amount recommended in the report prepared when the judgment of divorce was entered may constitute a change in circumstances that justifies modification of a support order. Modification was proper in this case because the new report recommended a substantial increase in the amount of support ordered for the younger child.

2. A change in circumstances that alone would justify modification occurred when the custody of the older child was changed. The amount of support for the younger child recommended by the child support formula is presumed to be appropriate, regardless of the amount of support ordered in the judgment of divorce, and the defendant's failure to expressly

REFERENCES

Am Jur 2d, Divorce and Separation §§ 1035 *et seq.*, 1078 *et seq.*
See the ALR Index under Custody and Support of Children.

plead changed circumstances does not prevent modification of the support order.

3. The trial court did not abuse its discretion in determining that the plaintiff's income in 1990, rather than his projected income for 1991, should be used in setting child support.

Affirmed.

1. DIVORCE — CHILD SUPPORT — FRIEND OF THE COURT.

A trial court may enter a child support order that deviates from the friend of the court's child support formula only if it determines that application of the formula would be unjust or inappropriate (MCL 722.27[2]; MSA 25.312[7][2]).

2. DIVORCE — CHILD SUPPORT — FRIEND OF THE COURT.

There is a rebuttable presumption that child support set at the level recommended by the friend of the court's child support formula is proper (MCL 552.17[2], 722.27[2]; MSA 25.97[2], 25.312[7][2]).

3. DIVORCE — CHILD SUPPORT — MODIFICATION OF SUPPORT ORDERS — FRIEND OF THE COURT.

A substantial change in the amount of child support recommended in a new friend of the court report from the amount recommended in the friend of the court report prepared when a judgment of divorce was entered may constitute a change in circumstances that justifies modification of the support order (MCL 722.27[1][c]; MSA 25.312[7][1][c]).

4. DIVORCE — CHILD SUPPORT — MODIFICATION OF SUPPORT ORDERS.

A change in circumstances sufficient to justify modification of a child support order occurs when there is a change of physical custody of the parties' child from one party to the other (MCL 722.27[1][c]; MSA 25.312[7][1][c]).

*Brian K. Kirkham, P.C.* (by *Brian K. Kirkham*), for the plaintiff.

*Dobbins & Sherman, P.C.* (by *Vicki Mae Sherman*), for the defendant.

Before: HOOD, P.J., and WAHLS and McDONALD, JJ.

PER CURIAM. Plaintiff appeals as of right from an order of the Calhoun Circuit Court that modified an earlier judgment of divorce. We affirm.

Plaintiff and defendant were divorced in May 1986. The judgment of divorce granted the parties joint legal custody of their two minor children, Shawn and Jeffrey, with defendant having physical custody. Plaintiff was ordered to provide support in the amount of $100 a week a child for a period of six years.[1] Plaintiff later petitioned the trial court for a change in custody of the parties' elder child, Shawn, and, if a change was granted, for cancellation of support with regard to that child. Defendant agreed to a six-month trial period during which plaintiff would have temporary custody of Shawn, but asked that no change be made in the support previously ordered. The trial court granted plaintiff temporary custody, abated plaintiff's support obligation with respect to Shawn, and ordered a friend of the court investigation. Following an evidentiary hearing, plaintiff was granted physical custody of Shawn and ordered to pay support in the amount of $220 a week for Jeffrey pursuant to the friend of the court's child support formula.

The award of child support rests in the sound discretion of the trial court, and its exercise of discretion is presumed to be correct. *Thames v Thames,* 191 Mich App 299, 306; 477 NW2d 496 (1991). The party appealing a support order has the burden of showing that a mistake has been made. *Beason v Beason,* 435 Mich 791, 804; 460 NW2d 207 (1990). A trial court may enter a support order that deviates from the friend of the court's child support formula only if it determines that application of the formula would be unjust or inappropriate. MCL 722.27(2); MSA 25.312(7)(2).

[1] The judgment also provided that the amount of support "cannot be changed regardless of the circumstances during said period." This provision does not restrict the power of the trial court to alter the amount of child support ordered by the judgment. *Johns v Johns,* 178 Mich App 101, 106; 443 NW2d 446 (1989).

Plaintiff first argues that the trial court erred in modifying his support obligation because defendant did not plead or prove a change in circumstances that would justify the modification. Rather, plaintiff argues, the trial court simply should have canceled his obligation regarding Shawn and continued the $100 a week payment ordered for Jeffrey. We disagree.

There appears to be some question in the wake of the enactment of 1990 PA 243 and 1990 PA 291 concerning whether a "change in circumstances," as that term has traditionally been used, must still be shown before a support order may be modified. The two public acts amended the Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.*, and the divorce laws, MCL 552.1 *et seq.*; MSA 25.81 *et seq.*, so as to create a rebuttable presumption in favor of setting support at the level recommended by the child support formula. See MCL 722.27(2); MSA 25.312(7)(2), MCL 552.17(2); MSA 25.97(2). Accordingly, it appears to us, as it did to the trial court, that any substantial change in the amount of support recommended in a new friend of the court report from the amount recommended in the report prepared when the judgment of divorce was entered may constitute a "change in circumstances" that would justify the modification of a support order. See MCL 722.27(1)(c); MSA 25.312(7)(1)(c) (the court may "[m]odify or amend its previous judgments or orders for proper cause shown *or* because of change of circumstances" [emphasis added]). Because the new friend of the court report prepared in this case recommended a substantial increase in the amount of support ordered for Jeffrey, we agree with the trial court that modification was proper.

Alternatively, a "change in circumstances" that

alone would justify modification, ignoring for a moment the other changes argued by defendant, occurred upon the change in the custody of Shawn. *Rohloff v Rohloff,* 161 Mich App 766, 769; 411 NW2d 484 (1987). The amount of support for Jeffrey recommended by the child support formula is presumed to be appropriate, regardless of the amount of support ordered in the judgment of divorce, and defendant's failure to expressly plead changed circumstances is not fatal to the modification of the support order. *Proudfit v O'Neal,* 193 Mich App 608, 611; 484 NW2d 746 (1992).

Plaintiff also argues that the trial court erred in calculating the amount of support recommended by the child support formula. The thrust of plaintiff's argument is that the trial court should not have used his 1990 income in setting support, but rather his projected income for 1991, which plaintiff argues would have been substantially less than his 1990 income. We disagree. We consider the trial court's decision to be one within its discretion and conclude that no abuse of discretion occurred. We also note that plaintiff erroneously states on appeal that defendant's weekly wage income is $1,402.77, when, in fact, this amount is the wage income defendant receives biweekly. If plaintiff's 1991 income is substantially less than the amount he earned in 1990, his remedy is to seek further modification of the support order.

Affirmed.