SHARP v TALSMA

Docket No. 141487. Submitted August 5, 1993, at Grand Rapids. Decided November 1, 1993, at 9:05 A.M. Leave to appeal sought.

Linda Sharp obtained a divorce from Marc A. Talsma in the Ottawa Circuit Court pursuant to a consent judgment that awarded legal and physical custody of the parties' son to the plaintiff and legal and physical custody of the parties' daughter to the defendant. The judgment required the defendant to pay support for the son until age eighteen or completion of high school, whichever is later, and did not require the plaintiff to pay support for the daughter unless there was a substantial change in the parties' relative financial positions and incomes. After the plaintiff remarried and the parties' incomes rose slightly and as the son neared his eighteenth birthday, the defendant moved for modification of the judgment to require the plaintiff to pay support for the daughter. The court, Calvin L. Bosman, J., denied the motion. The defendant appealed.

The Court of Appeals *held:*

1. The trial court did not err in ruling that there had not been the kind of change of circumstances that the parties had agreed in their consent judgment would warrant a modification of child support.

2. A change in the amount of support called for under the child support guidelines in the intervening years, as occurred in this case, does not, by itself, mandate a modification of support.

Affirmed.

*Floyd H. Farmer, Jr.,* for the appellee.

*Marc Talsma,* in propria persona.

Before: FITZGERALD, P.J., and CONNOR and TAYLOR, JJ.

TAYLOR, J. The parties entered into a consent judgment of divorce in April 1988. Pursuant to the

terms of this judgment, plaintiff-wife was awarded legal and physical custody of their son, Christopher, born on July 6, 1973, and defendant-father was awarded legal and physical custody of their daughter, Stephanie, born on November 19, 1975. Paragraph 10 of the judgment provides:

The defendant shall pay to the plaintiff . . . $50.00 per week for the support of Christopher
. . . .
The defendant shall not be required to pay to the plaintiff any amounts for the support of Stephanie.
The above reflects the parties' negotiated agreement and their relative financial conditions, and it is their intention that there will be no order of support entered requiring the plaintiff to pay support to the defendant on behalf of Stephanie before or after Christopher reaches the age of 18 or finishes high school, whichever is later, unless there has been a substantial change in the parties' relative financial positions and income by that time.

At the time the parties divorced, plaintiff was earning approximately $20,000 annually as a secretary; defendant, who completed law school during the marriage, was earning approximately $40,000 annually. At the time the parties negotiated the consent judgment, they understood that their son, being older than their daughter, would be entitled to financial support for a shorter time than the daughter.

By 1991, approximately three years after the divorce judgment was entered, plaintiff had remarried and both plaintiff and defendant earned slightly more money than they had previously. The parties' son, who was in plaintiff's custody, was nearing his eighteenth birthday. Defendant moved to amend the judgment to require plaintiff

to pay child support for the parties' daughter, who was in defendant's custody, at the rate set under the child support guidelines rather than under the terms of the consent judgment. Defendant, an attorney who represented himself both at the time the original judgment was entered and in subsequent proceedings, contended that plaintiff was obligated to do so despite the fact that there was no real change in the parties' circumstances other than the approach of their son's eighteenth birthday. On appeal, defendant cites the recent case of *Calley v Calley,* 197 Mich App 380, 383; 496 NW2d 305 (1992), suggesting that the change in the amount of child support called for under the guidelines in the intervening years, standing alone, mandates modification of the child support provisions of the judgment as a matter of law.

We conclude that the trial court did not abuse its discretion in ruling that there was no change of circumstances warranting a modification in this case. At the time the parties consented to the judgement, they had anticipated the ending of support for Christopher when he reached the age of eighteen and had negotiated with that in mind, as the language of the judgment makes clear. Further, while it is the case that a change in the amount of support calculated under the support guidelines *may* be sufficient to justify modification of a support order, *Calley* does not stand for the proposition that a change in support called for under the guidelines is mandatory. See, e.g., the discretionary language of MCL 552.17; MSA 25.97, *Deal v Deal,* 197 Mich App 739, 743; 496 NW2d 403 (1993), and *Calley, supra.*

It was with this appropriate understanding of its role that the trial court considered all the facts and circumstances claimed to constitute a change

of circumstances and determined that they did not warrant a modification. This was no abuse of discretion in light of the parties' negotiations and consent to the specific terms of this divorce judgment; the change that occurred was well within the contemplation of the parties at the time they came to terms.

Affirmed.