# STATE OF MICHIGAN

# COURT OF APPEALS

SHANNON LYNN ELLIS,

        Plaintiff-Appellant,

v

MICHAEL KEVIN DOMALIK,

        Defendant-Appellee.

UNPUBLISHED
March 29, 2016

No. 324298
Oakland Circuit Court
Family Division
LC No. 2005-708872-DM

KENNETH JAMES PELLEGATA,

        Plaintiff-Appellee,

v

SHANNON LYNN ELLIS,

        Defendant-Appellant.

No. 324299
Oakland Circuit Court
Family Division
LC No. 2000-631540-DP

Before: RONAYNE KRAUSE, P.J., and SAWYER and STEPHENS, JJ.

PER CURIAM.

Shannon Ellis appeals two orders of the circuit court denying her motions to reinstate child support. We granted her applications for delayed appeal, limited her appeal to the issues raised in the applications, and ordered the cases consolidated.[1] We reverse and remand.

Ellis is a member of the United States Military currently stationed in Naples, Italy. She has one minor child in common with each of the appellees: a son with Domalik and a daughter

---

[1] *Ellis v Domalik*, unpublished order of the Court of Appeals, entered May 22, 2015 (Docket No. 324298); *Pellegata v Ellis*, unpublished order of the Court of Appeals, entered May 22, 2015 (Docket No. 324299).

-1-

with Pellegata. Prior to announcing that she was being stationed in Italy, Ellis and Domalik shared joint legal and physical custody of their son, who alternated between them on a weekly basis, while she and Pellegata shared joint legal and physical custody of their daughter, who lived with Ellis during the school year and with Pellegata during the summer months. Neither Ellis nor Domalik were ordered to pay child support, but Pellegata was ordered to pay $295.19 per month to Ellis for the support of their daughter.

In anticipation of her 2013 move to Italy, Ellis filed a successful change of domicile motion for her daughter with Pellegata, and entered into a stipulated consent agreement with Pellegata that, among other things, reduced his child support obligation to zero, and provided for parenting time at times mutually agreed-upon by father and daughter. Meanwhile, Domalik agreed to let their son live with Ellis in Italy during the summer of 2013. Later, however, Domalik and Ellis entered into a stipulated consent agreement allowing their son to live with Ellis in Italy during the school year, granting Domalik parenting time during the winter and summer vacations, with Ellis paying all transportation costs, and setting Domalik's child support obligation to zero.

Less than one year after the consent agreements, Ellis filed separate motions asking the court to reinstate child support, alleging that the fathers had breached their verbal agreements to pay certain of their children's expenses. After an April 16, 2014 hearing, the trial court denied the motion against Domalik on the ground that Ellis had failed to show a change in circumstances sufficient to justify modification of the support orders stemming from the stipulated consent agreement. Ellis's motion against Pellegata was prolonged by the court's concern that the consent agreement was not sufficiently specific regarding Pellegata's parenting time. The first hearing on Ellis's motion ended with the trial court instructing Pellegata to contact the FOC to secure specific parenting time, and denying Ellis's motion temporarily, until the parenting-time issue was resolved. At a second hearing, the court signed the recommended parenting-time schedule Pellegata had secured, and indicated to Ellis's attorney that, unless she could prove a change in circumstances since the parties' 2013 stipulated consent agreement, the motion to reinstate would be denied. Ellis's attorney re-noticed the motion for a third hearing. The court denied the motion and awarded Pellegata $750 in attorney fees, explaining that the court had clearly indicated that the motion would be denied, and stating that it did not "like people using litigation as a way to inconvenience somebody else, and this kind of smells a little bit like that."

Ellis first claims on appeal that the trial court abused its discretion in denying her motion to reinstate child support. She contends that the trial court erred by requiring her to show a change in circumstances in order to obtain modification of child support orders that are set at zero, and that the underlying support orders were invalid because they resulted from a bargain that deprived the children of adequate support. She further contends that, given that the support orders deviate from the child support recommendations of the Michigan Child Support Formula (MCSF), the trial court was obligated to explain in writing or on the record why application of the MCSF would have been unjust or inappropriate under the circumstances. See MCL 552.605(3).

The trial court treated Ellis's petitions as motions to modify the existing support orders. Modification of a child support order is within the trial court's discretion and is reviewed for an

abuse of discretion. *Clarke v Clarke*, 297 Mich App 172, 178-179; 823 NW2d 318 (2012). An abuse of discretion occurs when the outcome falls outside the range of principled outcomes. *Borowsky v Borowsky*, 273 Mich App 666, 672; 733 NW2d 71 (2007). We will not reverse disposition of modification of child support unless the Court is convinced it would have reached a different result in the trial court's place. *Deal v Deal*, 197 Mich App 739, 743; 496 NW2d 403 (1993). Whether a trial court has operated within the statutory framework for child support calculations is a question of law subject to de novo review. *Peterson v Peterson*, 272 Mich App 511, 516; 727 NW2d 393 (2006).

"A circuit court has the statutory power to modify orders for child support upon a showing by the petitioning party of a change in circumstances sufficient to justify a modification." *Aussie v Aussie*, 182 Mich App 454, 463; 452 NW2d 859 (1990); MCL 552.17(1). "When entertaining a petition for modification of child support, all relevant factors should be considered, including the father's income, the mother's income, and the needs of the children." *Sayre v Sayre*, 129 Mich App 249, 252; 341 NW2d 491 (1993) (citations omitted).

Generally, a support order must be "in an amount determined by application of the child support formula developed by the friend of the court bureau . . . ." MCL 552.605(2); *Calley v Calley*, 197 Mich App 380, 383; 496 NW2d 305 (1992) (stating that there is a "rebuttable presumption in favor of setting support at the level recommended by the child support formula"). Departures from the MCSF are permitted where application of the MCSF would produce an unjust or inappropriate result, MCL 552.605(2), or where the parties agree to an amount that differs from the MCSF, MCL 552.605(3). We strongly disfavor deviations from the MCSF "premised on private agreements that *limit* a parent's obligation to pay child support." *Holmes v Holmes*, 281 Mich App 575, 590; 760 NW2d 300 (2008). When the amount of support deviates from the MCSF for either of these reasons, the court is obligated to explain in writing or on the record all of the following:

> (a) The child support amount determined by application of the child support formula.

> (b) How the child support order deviates from the child support formula.

> (c) The value of property or other support awarded instead of the payment of child support, if applicable.

> (d) The reasons why application of the child support formula would be unjust or inappropriate in the case. [MCL 552.605(2).]

In the instant case, whether the parties' agreements to set the fathers' child support obligations to zero deviated from the MCSF cannot be ascertained from the appellate record. Under the terms of the consent order, Ellis has physical custody of the children at least as long as (daughter) or longer than (son) prior to the consent orders, but receives no child support from either father. One could reasonably infer from these facts that, all things being equal, setting the support orders to zero was a deviation from the MCSF. However, not all things may have been equal. Record evidence suggests that Ellis anticipated that her move to Italy would affect her financial situation such that she would be able to provide adequately for the children without court-ordered child support from the fathers.

The dispositive issue is whether the underlying support agreement is valid, i.e., did the trial court determine whether the support agreement comported with the MCSF, or if it deviated, did the trial court meet the requirements of MCL 552.605(2). If the underlying support agreement was valid, then the trial court did not err in denying Ellis's motion for modification. Ellis presented no evidence of a change in circumstances sufficient to justify modification of a proper support order. *Sayre*, 129 Mich App at 251; MCL 552.17(1). She presented no evidence for the court to consider relative to changes in her income, the fathers' income, or the children's needs. *Sayre*, 129 Mich App at 252. She asserted the existence of informal agreements obligating the fathers to provide for certain expenses, but she did not specify what those expenses were nor provide evidence of the agreements. Ellis's attorney reported that Domalik told him in an out-of-court conversation prior to the hearing that Domalik knew that his son needed money for expenses, but that Domalik and Ellis were not "pleased" with each other. Although Domalik's statement could imply that Domalik would have sent the child money if he and Ellis had been on better terms, it does not necessarily establish that any money sent would have been pursuant to any informal support agreement. Ellis's attorney did not ask the court for an evidentiary hearing to establish the existence of the alleged verbal agreement.

On the other hand, if the underlying support agreements are not valid, i.e., if they deviate downward from the MCSF and the court failed to fulfill its statutory obligation under MCL 552.605(3), then the trial court abused its discretion in denying Ellis's motions and essentially reaffirming an agreement that bargained away the children's right to support.

"It is a well-established principle in Michigan that parties cannot bargain away their children's right to support." *Laffin v Laffin*, 280 Mich App 513, 518; 760 NW2d 738 (2008); *Johns v Johns*, 178 Mich App 101, 106; 443 NW2d 446 (1989). A minor child has a right to the support of his or her parents, MCL 722.3(1); *In re Beck*, 488 Mich 6, 12; 793 NW2d 562 (2010), and the obligation to support the minor remains with the biological parents absent adoption, *Tanielian v Brooks*, 202 Mich App 304, 307; 508 NW2d 189 (1993). Stipulations by the parties as to child support are not binding on the court, which has the power to provide proper maintenance for the children, even if one parent has released the other from his or her support obligation. *Sayre*, 129 Mich App at 252-253. Thus, even if Ellis knowingly and willingly entered into an agreement bargaining child support for physical custody, the overriding concern of matters of child support is the welfare of the children, and an agreement between the parties regarding support does not suspend the authority of the court to enter an order for adequate support. *Johns*, 178 Mich App at 106.

To summarize, the appellate record is insufficient to determine whether the trial court abused its discretion by denying Ellis's motion for reinstatement of child support. If the underlying support agreements are valid, then the trial court's denial of Ellis's motion was not an abuse of discretion because Ellis failed to present evidence of a change in circumstances sufficient to justify modification. *Sayre*, 129 Mich App at 251; MCL 552.17(1). However, if the underlying support agreements are invalid, then the court may have abused its discretion by denying Ellis's motion if said denial affirmed support orders that bargained away the children's right to adequate support, contrary to Michigan law. *Laffin*, 280 Mich App at 518. Because the record on appeal is insufficient to determine which of these two scenarios applies, we reverse the trial court's orders denying Ellis's motions and remand the matter for clarification of the validity of the underlying support agreements.

-4-

Ellis next claims that the trial court erred in awarding Pellegata $750 in attorney fees. We review the award of attorney fees in a domestic relations case for an abuse of discretion. *Borowsky v Borowsky*, 273 Mich App 666, 687; 733 NW2d 71 (2007). "An abuse of discretion occurs if the trial court's decision falls outside the range of principled outcomes." *Macomb Co Dep't of Human Servs v Anderson*, 304 Mich App 750, 754; NW2d 408 (2014).

"Awards of costs and attorney fees are recoverable only where specifically authorized by a statute, a court rule, or a recognized exception." *Phinney v Perlmutter,* 222 Mich App 513, 560; 564 NW2d 532 (1997). In domestic relations cases, the trial court has the discretion to award attorney fees if the requesting party alleges facts sufficient to show that he or she cannot afford to pursue the action and the opposing party can, or if he incurred the fees because the opposing party could have complied with a prior court order but did not. MCR 3.206(C). "MCL 600.2591(1) also grants a court the authority to award sanctions in the form of attorney fees and costs to a prevailing party if an action or defense is deemed 'frivolous.'" *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010). An action or defense is "frivolous" if at least one of the following conditions is met:

> (*i*) The party's primary purpose in initiating the action . . . was to harass, embarrass, or injure the prevailing party.

> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

> (*iii*) The party's legal position was devoid of arguable legal merit. [MCL 600.2591(3)(a).]

It is clear from the transcript of the May 28, 2014 hearing that the trial court awarded attorney fees to Pellegata as a sanction against Ellis for re-noticing her motion to reinstate child support after the court had clearly indicated that, absent a change in circumstances, the motion would fail. Whether the trial court abused its discretion by awarding attorney fees to Pellegata as a sanction against Ellis depends on whether Pellegata is in fact the prevailing party MCL 600.2591(1), and on whether Ellis's re-notification of her motion to reinstate child support was frivolous, MCL 600.2591(3)(a). Because the validity of the support agreements is unclear, it is not certain that Pellegata is the prevailing party. Nor is it certain that Ellis's re-notification of the motion to reinstate child support was unnecessary. The record shows that the court mistakenly thought at the May 21, 2014 hearing that it had denied Ellis's motion relative to Pellegata when in fact it had entered a temporary denial pending the outcome of Pellegata's parenting-time issue. By re-noticing the motion, Ellis was able to obtain a final order, thus ensuring her right to an appeal by right. MCR 7.203(A)(1); MCR 7.202(A)(6). Thus, because it is unclear whether Pellegata will prevail in this action or that Ellis's re-notification of an apparently futile motion was frivolous under the circumstances, we conclude that the trial court abused its discretion in awarding attorney fees to Pellegata as a sanction against Ellis.

In sum, because the appellate record is insufficient to determine whether the underlying support agreements were valid, we cannot determine whether the trial court abused its discretion by denying modification of the agreements. Therefore, we reverse the trial court's orders denying Ellis's motions, and remand the matter to the trial court for clarification of the validity of the underlying agreements. Consequently, we also reverse the trial court's award of $750 in

attorney fees to Pellegata as a sanction against Ellis because it is not certain that he is the prevailing party, nor that Ellis's re-notification of her motion to reinstate was frivolous under the circumstances.

Reversed and remanded for further proceedings consistent with this opinion. Appellant may tax costs. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ David H. Sawyer
/s/ Cynthia Diane Stephens