*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHARON ANNE MARANDA,

       Plaintiff-Appellee,

v

CORY LAMOND ALEXANDER,

       Defendant-Appellant.

UNPUBLISHED
May 18, 2023

No. 361217
Kent Circuit Court
LC No. 20-001181-DC

Before: RICK, P.J., and SHAPIRO and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's April 12, 2022 order, which affirmed a recommendation of a referee to deny the Friend of the Court's (FOC) petition to modify child support. The trial court denied the FOC's petition to modify child support because it concluded that defendant had not established a change of circumstances to warrant modification. On appeal, defendant argues that it was error for the trial court to apply a change-of-circumstances standard. Pursuant to MCL 552.517b(7), defendant is correct—because the FOC filed the petition to modify child support, no party needed to prove a substantial change in circumstances to sustain the FOC's recalculation of the support obligation. Therefore, the trial court erred as a matter of law when it applied the change-of-circumstances standard. We vacate the order and remand for further proceedings.

## I. BACKGROUND

On February 4, 2020, plaintiff filed a "Verified Complaint for a Judgment of Custody, Parenting Time, Child Support, and Related Relief" against defendant. The parties were in a relationship from 2011-2019, were unmarried, and had two minor children together, VJA and VAA. Plaintiff alleged that both parties were gainfully employed and that defendant was

---

[1] *Maranda v Alexander*, unpublished order of the Court of Appeals, entered November 2, 2022 (Docket No. 361217).

financially able to pay child support. Plaintiff requested primary physical custody and joint legal custody of the minor children.

Defendant filed an answer to the complaint on February 7, 2020. He alleged that it was in the best interests of the children to be placed with him and that plaintiff should pay child support.

On March 17, 2021, the parties executed a settlement agreement, which resolved outstanding property issues between the parties. The terms of the agreement included, in pertinent part, as follows:

> 1. Subject to the terms of this Settlement Agreement, [defendant] agrees to execute a quit claim deed of his interest in 3501 Brook Trails SE, Grand Rapids, MI 49508, to [plaintiff].

> 2. [Plaintiff] agrees to pay [defendant] the sum of $46,256 as follows:

> a. $5,000.00 shall be paid in cash no later than March 30, 2021.

> b. $8,352 has been paid by [plaintiff] agreeing not to seek retroactive child support prior to March 1, 2021 in the custody case between the parties; to wit: Case #20-1181-DC pending in the 17th Circuit Court (hereinafter the "Custody Case").

> c. The remaining amount shall be paid by [plaintiff] agreeing to accept the terms of this settlement agreement in lieu of [defendant's] next Thirty-two thousand nine hundred and four dollars ($32,904) in child support payments in the parties' Custody Case.

The trial court entered the parties' judgment of custody, uniform child support order (UCSO), and deviation addendum on March 18, 2021. The parties agreed to share joint legal custody of the minor children, with plaintiff having primary physical custody. Concerning defendant's parenting time, the judgment provided in relevant part:

> 3. **Parenting Time**: That Parenting time shall be as the parties can agree; in the event that the parties are unable to agree then parenting time shall be as follows:

> a. **[Plaintiff's] Parenting Time**: The [plaintiff] shall have all parenting time not otherwise awarded to the [defendant].

> b. **[Defendant's] Parenting Time until [VJA] starts Kindergarten**: [Defendant] shall exercise parenting time every Thursday from 4:00pm (or following school if school is in session or upon picking up the children from the babysitter after work) until 7:00pm on week 1 and Sunday at 6pm on week 2.

> c. **[Defendant's] Parenting Time upon [VJA] starting Kindergarten**: Upon [VJA] starting Kindergarten the [defendant] shall have parenting time every Wednesday at 6pm (or following school if school is in session or upon picking up the children from the babysitter after work) until Friday at 6pm (or when the children are dropped off at school/babysitter) and every other weekend from Friday

at 6pm (or following school if school is in session or upon picking up the children from the babysitter after work) until Sunday at 6pm.

The custody judgment established defendant's child support obligation as follows:

> 8. Child Support: The Defendant/Father shall pay child support pursuant to the Uniform Child Support Order being entered contemporaneously with this Order. In exchange for the Defendant/Father executing a quit claim deed to the Plaintiff/Mother of his interest in 3501 Brook Trails SE, Grand Rapids, MI 49508 the Plaintiff/Mother has agreed to waive any claim to back child support, pay the Defendant/Father $5,000 in cash by March 30, 3031, sign the parties' van over to the Defendant/Father, and grant the Defendant/Father a credit against his future child support obligation in the amount of $32,904. The credit balance shall be applied against 100% of the Defendant/Father's ongoing monthly child support obligation until applied in full. If for some reason there remains a credit balance on the Defendant/Father's support obligation when his support obligation ends, then the Defendant Father shall be entitled to a money judgment against the Plaintiff/Mother in the amount of the remaining credit balance.

Pursuant to the UCSO, defendant would have 94 overnights and pay plaintiff $913/month in child support. Paragraph 12 of the UCSO provided:

> As part of a property settlement agreement whereby the Defendant/Father signed a quit claim deed of his interest in the home he owned jointly with the Plaintiff/Mother, the Plaintiff/Mother has agreed, in lieu of paying the Defendant/Father additional cash to buy out his interest, to grant him a $32,904 credit against his future child support obligation effective March 1, 2021. The Defendant/father's current obligation shall be reduced to $0.00 per month until the credit is exhausted. In the event that the Defendant/Father still has an outstanding support credit when he no longer has a support obligation, then the Defendant/Father shall be awarded a money judgment against the Plaintiff/Mother in the amount of the outstanding support credit.[2]

Shortly after VJA started kindergarten, defendant filed a written request with the FOC for a review of his child support obligation, stating that his overnights with both children had increased from 94 to 160. As a result of defendant's request, on October 12, 2021, the FOC filed a petition to modify child support. The FOC's petition reflects that it was conducting a statutory child support review pursuant to MCL 552.517.

---

[2] The deviation addendum includes the same details provided in both the custody judgment and the UCSO regarding the value of the joint property awarded to plaintiff in lieu of child support.

On January 4, 2022, the FOC signed a "Child Support Order Recommendation Modification Revised."[3]  The reason for the review of child support was listed as, "Father requested the support review.  Father responded to the FOC questionnaire, mother did not."[4]  The FOC calculated defendant's child support as $477/month.  The revised child support order listed $0 as child support (instead of $477) and stated,

> As part of a property settlement agreement whereby the [defendant] signed a quit claim deed of his interest in the home he owned jointly with the [plaintiff], the [plaintiff] has agreed, in lieu of paying the [defendant] additional cash to buy out his interest, to grant him a $32,904 credit against his future child support obligation effective March 1,2021.  The [defendant's] current obligation shall be reduced to $0.00 per month until the credit is exhausted.  In the event that the [defendant] still has an outstanding support credit when he no longer has a support obligation, then the [defendant] shall be awarded a money judgment against the [plaintiff] in the amount of the outstanding support credit.

On January 12, 2022, plaintiff filed an objection to the support modification.  Due to plaintiff's objection, the FOC was required to file a petition for modification and notice of hearing pursuant to MCL 552.517(5) and MCL 552.517b(4), which the FOC did on February 4, 2022.

On February 22, 2022, plaintiff filed a response in opposition to the petition for modification of child support.  Plaintiff stated that the parties negotiated a detailed settlement agreement dated March 17, 2021, together with the judgment of custody dated March 18, 2021.  Based on the agreement, plaintiff stated that defendant agreed to a child support obligation of $913/month subject to Paragraph 12 of the UCSO, which granted defendant a credit of $32,904 against his future child support obligation effective March 1, 2021.  Plaintiff denied that there had been a change of circumstances requiring modification of child support.  Plaintiff stated that the parties recently negotiated a detailed judgment and settlement agreement which did not reduce child support to $0/month; rather, it maintained the defendant's obligation at the rate of $913/month which was being paid via credit for the real-property payoff.  Plaintiff stated that defendant filed for an unjustified income review that should be dismissed based upon the parties' settlement agreement less than one year prior which explained defendant's ongoing child support obligation.  Plaintiff requested defendant's petition for modification of child support be denied and that she be granted reasonable costs and attorney fees.

---

[3] On December 29, 2021, the FOC completed the child support investigation and signed a "Child Support Order Recommendation Modification" under MCL 552.517b(3).  The revised version dated January 4, 2022, was filed to correct errors made in the original, namely to include the overpayment language noted in the parties' March 18, 2021 judgment of custody.  Both the December 29, 2021 recommended child support order modification and the January 4, 2022 revised recommended child support order modification appear to have been filed with the trial court on January 10, 2022.

[4] In plaintiff's objection and hearing request for support modification filed January 12, 2022, she alleged that she submitted pay stubs that were not considered.

On February 24, 2022, an FOC support modification hearing was held before a referee. Plaintiff argued that the legal basis for the objection was that defendant had not shown a change in circumstances that would justify the modification. After the referee expressed confusion in that it appeared the modification went from zero to zero, plaintiff's counsel explained that the current UCSO set child support at $913/month and applied that monthly amount towards his outgoing credit created by the signing of the jointly owned house to plaintiff. The court then asked Natasha Burke, Income Review Specialist for the Income Review Unit, why this case was sent to the FOC. Ms. Burke responded that defendant requested a review. Defendant agreed and added that he had a copy of the submitted form wherein defendant checked the box saying that VJA started kindergarten and his overnights with both children increased from 94 to 160. Plaintiff responded stating that defendant's justification for the modification was accounted for in the March 2021 settlement agreement, which specifically addressed VJA starting kindergarten.

The referee read the relevant portion of the March 2021 settlement agreement on the record and agreed with plaintiff that the settlement agreement stated that parenting time would change when VJA started kindergarten. The referee further stated that he did not see how there was a change of circumstance when this change was contemplated by the agreement. Defendant responded stating that the amount of overnights changed and that the settlement agreement contemplated a possibility that the amount of support being applied against the credit could also be modified. In support of this argument, defendant stated that otherwise the language regarding an outstanding credit balance that would change to a money judgment would not have been in the settlement agreement. The referee responded that the agreement contemplated a change in parenting time and a set amount of money. Defendant replied that the agreement did not state that "this particular ongoing credit would be paced at this number—X-number of dollars per month." The referee stated that the agreement contemplated that the number of overnights would increase to 160 and child support is set at a certain amount. When defendant argued that, at the time of the agreement, the parties did not know when VJA was going to start kindergarten, the referee responded that everyone knew and that it was inappropriate to review the child support at the current time. The referee further stated that he would deny and dismiss any changes in the orders entered in March 2021 and deny the "Motion to Change Recommendation." On February 28, 2022, a "Referee Recommended Order" was signed granting plaintiff's objection to the child support modification. This order was signed by the trial court on March 10, 2022.

On March 28, 2022, defendant filed an objection to the referee recommendation and a notice of hearing. In that objection, defendant stated that the FOC filed a petition to modify child support on October 12, 2021. Defendant argued that the referee made a legally incorrect determination by denying the child-support modification based on his finding of no change of circumstances. Defendant argued that the motion to modify child support was not filed as a motion to modify child support by a party under MCL 552.517b(8), which would require the court to find a change in circumstances; rather it was filed by the FOC pursuant to MCL 552.517(1) and 552.517b. MCL 552.517b(7) provides, "The court shall not require proof of a substantial change in circumstances to modify a child support order when support is adjusted under section 17(1)." Thus, according to defendant, the referee committed clear legal error in denying the modification of support. Defendant further argued that even if a change in circumstances was required, there had been a change in circumstances as that term was defined in *Calley v Calley*, 197 Mich App 380; 496 NW2d 305 (1992). Defendant stated that the *Calley* case noted that "any substantial

change in the amount of support recommended in a new friend of the court report from the amount recommended in the report prepared when the judgment of divorce was entered may constitute a change in circumstances that would justify the modification of a support order." Defendant continued that there was a significant difference between the guidelines used for entry of the original UCSO and those calculated by the FOC as part of their support review. Defendant also argued that the FOC's review was authorized by MCL 722.517(1)(f)(*iv*) as the prior order did not include a change in the number of overnights used to calculate support upon the change in parenting time, which occurred upon their oldest daughter starting kindergarten and his overnights changed from "92 overnights per year to 160." Finally, defendant contended that the original judgment and UCSO contemplated that the child support amount could be changed prior to the property award credit being completely used up because paragraph 12 of the UCSO stated:

> The Defendant/father's current obligation shall be reduced to $0.00 per month until the credit is exhausted. In the event that the Defendant/Father still has an outstanding support credit when he no longer has a support obligation, then the Defendant/Father shall be awarded a money judgment against the Plaintiff/Mother in the amount of the outstanding support credit.

Defendant stated that if the monthly amount could not be modified, then it would not be possible for him to still have a support credit when his support obligation ends.

In plaintiff's reply filed on April 4, 2022, plaintiff admitted that the FOC took action to review child support, but denied that defendant or the FOC had any basis to file a petition to modify child support given the parties' recent settlement, judgment, and UCSO entered on March 18, 2021, wherein the parties anticipated and built in a potential change in parenting time as the children grew older. Plaintiff further stated that the referee correctly analyzed the issue under MCL 552.517 and the change-of-circumstances standard, and that the parties' settlement from March 2021 takes precedence over the FOC action. Plaintiff also stated that she negotiated the $32,904 credit against the future child support obligation of defendant so that there would be no future modification of child support. Plaintiff further stated that the FOC's proposed UCSO assigning defendant 160 overnights was erroneously high and contrary to the parties' settlement in March 2021. Plaintiff thus asked that defendant's objection be denied.

On April 12, 2022, without holding a hearing, the trial court signed an order affirming the referee-recommended order dated March 10, 2022. The trial court acknowledged defendant's argument that the support review in this case was initiated by the FOC and therefore does not require proof of substantial change of circumstances pursuant to MCL 552.517b(7), but concluded that the basis for defendant's objection was erroneous. The trial court explained that at the referee hearing, it was discussed that defendant requested a support review and his attorney agreed, which suggested that defendant, not the FOC, initiated the support review. This appeal followed.

## II. STANDARD OF REVIEW

On appeal, defendant argues that the trial court improperly deviated from the statutory framework provided in MCL 552.517(1) and MCL 552.517b. Whether the trial court properly applied the framework of MCL 552.517(1) and MCL 552.517b is a question of law reviewed de novo. *Burba v Burba*, 461 Mich 637, 647; 610 NW2d 873 (2000).

III. ANALYSIS

MCL 552.517(1) states, "After a final judgment containing a child support order has been entered in a [FOC] case, the office shall use a procedure provided in section 17b to periodically review the order." Section 17b of the Friend of the Court Act governs the modification of child support orders. MCL 552.517b(1) provides: "Child support orders entered after June 30, 2005 shall be modified according to this section." There are two different ways that a request to modify child support can be brought before the court. The first way is for a party to file a motion directly with the court. When a party files a motion with the court, MCL 552.517b(8) applies, which states:

> A party may also file a motion to modify support. Upon motion of a party, the court may only modify a child support order upon finding a substantial change in circumstances, including, but not limited to, health care coverage becoming newly available to a party and a change in the support level under section 17(5)(a).

The second way that a request for modification of child support can be brought before the court is by the FOC initiating proceedings. MCL 552.517b(2) provides:

> The friend of the court office shall initiate proceedings to review support by sending a notice to the parties. The notice shall request information sufficient to allow the friend of the court to review support, state the date the information is due, and advise the parties concerning how the review will be conducted.

Neither the lower court record nor the Kent County register of actions shows that defendant moved the trial court for a modification of his child support obligation. Without a motion filed by a party, MCL 552.517b(8) has no application in this matter.

The request for modification of child support was before the trial court via the second path. Defendant filed a written request with the FOC for a review of his child support obligation. Defendant had the authority to do so under MCL 552.517(1)(b). The FOC, upon receiving such a request, had 14 days to determine whether the support order "is due for review." MCL 552.517(1)(b). "The office is not required to act on more than 1 request received from a party every 36 months." MCL 552.517(1)(b). Additionally, once defendant brought the support order to the attention of the FOC, the FOC was authorized to initiate a review if it was presented with "reasonable grounds to believe that the amount of child support awarded in the judgment should be modified." MCL 552.517(1)(f). If the FOC decides to initiate a review, it must follow the procedures found in MCL 552.517b. MCL 552.517(1).

On October 12, 2021, the FOC initiated a proceeding to review support when it filed the petition to modify child support. The FOC may initiate a proceeding to review support "by sending a notice to the parties. The notice shall request information sufficient to allow the [FOC] to review support, state the date the information is due, and advise the parties concerning how the review will be conducted." MCL 552.517b(2). This is the procedure that the FOC followed. After notifying the parties, the FOC then calculated defendant's support obligation using the new information provided by defendant, as well as the child support guidelines, and notified the parties of its determination that a modification was necessary. See MCL 552.517(5) and (6). On January

-7-

10, 2022, the FOC filed with the trial court its revised recommendation for modification of child support.

Upon plaintiff filing her timely objection to the support modification on January 12, 2022, the FOC set the matter for a hearing before a referee pursuant to MCL 552.517(4), and also filed with the court a petition for modification and notice of hearing pursuant to MCL 552.517(5). Both documents were filed on February 11, 2022.

In an order dated February 28, 2022, the referee rejected the petition for modification and granted plaintiff's objection for the reason that defendant failed to demonstrate a substantial change in circumstances. On March 10, 2022, the trial court signed off on the referee's order. Defendant filed an objection to the order, arguing in relevant part that, because the FOC filed the petition to modify child support pursuant to MCL 552.517(1) and MCL 552.517b, the trial court was not required to find a change in circumstances before granting the modification. In response, plaintiff argued that the referee correctly applied MCL 552.517 and the change-of-circumstance standard.

The trial court based its review entirely upon the record of the previous court hearing, without further argument by the parties, and affirmed the referee's order on April 12, 2022, with the following explanation:

> In his Objection, Defendant argues the referee erred by basing his denial of the child support modification on a change of circumstances. Defendant argues that the support review in this case was initiated by the Friend of the Court and therefore does not require proof of a substantial change of circumstances pursuant to MCL 552.517b(7).
>
> The basis for Defendant's Objection is erroneous. As provided at the referee hearing, and with which Defendant's counsel even agreed at the hearing, Defendant requested a support review. Defendant requested this review on September 27, 2021.

However, as previously explained, defendant never moved the trial court for a modification of his child support obligation—the FOC filed the petition in this matter. MCL 552.517b(7) expressly provides that "[t]he court shall not require proof of a substantial change in circumstances to modify child support when support is adjusted under [MCL 552.517(1)]." Thus, the referee's conclusion that defendant needed to prove a change of circumstances was legally incorrect. Likewise, the trial court's order, which adopted the referee's order, was legally incorrect. In short, the trial court erred as a matter of law when it applied the change-of-circumstances standard. As a result, we vacate the April 12, 2022 order and remand for further proceedings.[5]

---

[5] In light of our decision to remand, we decline to address the additional issues raised by defendant in his brief on appeal, including (1) whether the trial court applied the correct standard in determining if there was a change in circumstances and (2) whether the trial court abused its

Vacated and remanded.  We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Douglas B. Shapiro
/s/ Colleen A. O'Brien

---

discretion in issuing an order on defendant's objection to the referee's recommendation without holding a hearing pursuant to MCL 552.507 and MCR 3.215(F)(2).